## THE PEOPLE v. SMITH et al.

Suit on a recognizance in the form prescribed in section five hundred and twenty-three Criminal Practice Act (Wood's Dig. art. 1728). The complaint alleged substantially that G. was indicted for gaming and arrested, and that then defendants executed the recognizance which is set out; that G. appeared at the first term of the Court thereafter and plead not guilty, and case continued to next term; at which time, the case being called for trial, G. did not appear, and the defendants, though "called," did not produce his body; that the Court then made an order forfeiting the recognizance, and that defendants did not produce the body of G. before the final adjournment of the Court: *Held*, on demurrer, that the complaint states a cause of action; that the objection that, gaming being a misdemeanor, G. could appear by attorney cannot avail, because there is nothing to show that he offered so to appear—even assuming that such matter could be here set up against the judgment of forfeiture in the Court of Sessions.

Appeal from the Eleventh District.

The case does not justify further statement of facts than appears in the syllabus. The demurrer below was that the complaint did not state facts sufficient. Overruled, and judgment for plaintiffs; defendants appeal.

*Mitchell & Swezy*, for Appellants:

1. The Gaming Law of March 7th, 1860, (Laws 1860, 69, 70) makes the offense a misdemeanor, and therefore the indictment found on the fifteenth of March, 1860, is presumed to be under that law.

2. If the offense was a misdemeanor, then the defendant in that prosecution, having appeared and plead, was not required to be present at the *trial* of the cause. (Wood's Dig. art. 1596, sec. 320, 294.)

3. If the defendant was not required to be present at the trial, then the Court had and acquired no jurisdiction, for his failure to answer when called, to declare the undertaking forfeited, and consequently the order in that respect was a nullity, and can be attacked anywhere.

4. The complaint shows that the Court declared the bail forfeited upon the ground that at the day set for trial the defendant did not

Irwin *v.* Scriber.

appear and stand trial, but does not show that it was necessary for him to be present at such trial.

5. The covenant in the bond is that the defendant will appear and answer to the indictment, and at all times render himself amenable to the order and process of the Court, and if convicted render himself in execution. The complaint shows that he did appear and answer the indictment, but does not show that any order was made by the Court, or process issued, which the defendant failed to hold himself amenable to, and does not show that any conviction was had therein upon which he failed to render himself up.

6. The case of *People* v. *Wolf*, (16 Cal. 385) does not militate against these positions.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The complaint in this case contains a good cause of action, and the demurrer was properly overruled. There is nothing to show that the defendant offered to appear by attorney, even if this would avail against the entry of forfeiture in the Court of Sessions. (*People* v. *Wolf*, 16 Cal. 385.)

Judgment affirmed.