TERRITORY OF MONTANA, appellant, *v.* HILDEBRAND, respondent.

APPEAL — *right of* — *in Territory.* The Territory of Montana is a corporation, entitled to maintain civil suits in its own name, with same right of appeal when aggrieved as any other party.

RECOGNIZANCE — *suit on* — *in what name brought.* Suits on forfeited recognizances should be brought in the name of the Territory. The provision of statute, that all actions should be in the name of real parties in interest, does not apply. The Territory becomes trustee of money so recovered and the law declares to whom it shall go.

MISJOINDER. Only a party improperly joined can take advantage of it.

RECOGNIZANCE — *jurisdiction* — *cause.* Under the statutes of Montana it is not necessary that a recognizance should show either the jurisdiction of magistrate or cause for its execution.

PROBATE SEAL. The probate judge, acting as a committing magistrate, is not performing the functions of a probate court, and need not use the court seal.

CONSTRUCTION — *ambiguity.* The recital in the recognizance was that the defendant should appear to answer on the first day of the next October term, but added erroneously, "it being the second Monday in October, 1874," whereas the term was fixed by law to open on the first Monday in the month. *Held,* that the recital was sufficient; the erroneous portion should be rejected as surplusage; the law fixes the day of the term.

VARIANCE — *no consideration.* An attempt to commit murder, and an assault with intent to commit murder, are different offenses under our statutes. If the order of the magistrate required defendants to appear and answer a certain crime, a recognizance conditioned to answer any other offense is bad. There is no consideration for such a contract.

*Appeal from Third District, Jefferson County.*

J. G. SPRATT, District Attorney, First District, for appellant.

SHOBER & LOWRY and JOHNSTON & TOOLE, for respondent.

KNOWLES, J. The respondents ask to have the appeal in this case dismissed for the following reasons:

First. No appeal lies from an order sustaining a demurrer.

The record shows that the appeal in this case was, taken from the final judgment entered in the court below. This ground of the motion is not then based upon any fact in the record and cannot be sustained.

Second. The right of appeal in civil cases is not given to the Territory of Montana by any statutory provision.

In the case of *Langford* v. *King*, 1 Mon. 33, this court held that Montana Territory was a government. Our Organic Act calls it a temporary government. From the nature of this government it must of necessity be a body politic, or artificial person, a corporation. As such, having the right to make contracts, it has the right to sue upon them without any statute empowering it to do so. *Catton* v. *United States*, 11 How. (U. S.) 229.

This is an action upon a recognizance to recover the penalty therein specified. Hence it is a civil action and not a criminal proceeding. The Territory having the right to become a party plaintiff to civil proceedings has the same rights that any other party in civil litigation has. The statutes of the Territory provide that any party aggrieved may appeal from the district to the supreme court in certain cases. The appeal in this case is from a final judgment and is proper.

*Motion denied.*

KNOWLES, J.   This is an action on a recognizance executed by the respondents, Hildebrand, Quinn and Smith, to Montana Territory, in the sum of $1,500, conditioned to secure the appearance of Wm. E. Grinnell at the October term of the district court for Jefferson county, at Radersburg, for the year A. D. 1874. The defendants demurred to the complaint herein, alleging that it was defective in many particulars. Some of the objections will be considered hereafter. The court sustained the demurrer. To this ruling the plaintiff excepted and appeals to this court, assigning this ruling as error. The complaint in substance sets forth that Grinnell, on the 26th day of August, A. D. 1874, was arrested on a complaint filed before James R. Weston, probate judge for the county of Jefferson, Montana Territory, and ar-

raigned for examination upon the charge of an assault with intent to commit murder, and it appearing to the said judge that there was probable cause for believing that said Grinnell was guilty of said offense, and said Grinnell having waived a preliminary examination, it was thereupon ordered by said court that said Grinnell be held to answer the said charge at the next term of the district court to be held in said county, and that the said Grinnell be admitted to bail in the sum of $1,500. Whereupon the defendants, Hildebrand, Quinn and Smith, entered into said recognizance, the condition of which is in these words: "If the said William E. Grinnell shall personally appear at the next term of the district court, in and for said Jefferson county, Montana Territory, being the second Monday in October, 1874, and on the first day thereof, to answer to any indictment that may be brought or made against him for the offense of an attempt to commit murder, as alleged in a complaint now on file in the probate court of said county and Territory, and to do and receive what shall be by said court then and there enjoined upon him, the said Wm. E. Grinnell, and shall not depart from said court without leave."

The complaint further sets forth that Grinnell was indicted for the crime of an assault with intent to commit murder, and that the recognizance was forfeited.

It is claimed by the respondents that the Territory of Montana is not the proper party plaintiff in this action; that the action should be prosecuted in the name of the county commissioners of Jefferson county and the district attorney, they being, it is alleged, the real parties in interest.

It is true that the penalties recovered on any forfeited recognizance go to the county. The county may receive a benefit from the action, but it does not follow that the action should be prosecuted in the name of the county commissioners. All criminal prosecutions are prosecuted in the name of the Territory as plaintiff. This recognizance follows the forms prescribed in the statutes of the first legislative assembly of this Territory, and it is doubtful if the act of that assembly on this subject has ever been repealed. But whether it has been repealed or not, it is proper that all recognizances should be executed to the Territory

of Montana. There are no provisions of the statute that authorize the execution of a recognizance to a county. But, if it were proper to execute a recognizance to a county, this recognizance would be good. The Territory may be the trustee of an express trust. Many of the county officers of this Territory execute bonds to the Territory, and it takes these bonds as a trustee of an express trust for the benefit of any citizen of the Territory who may be damaged by the failure of such officer to perform his duties as required by law. In *Taaffe* v. *Rosenthal*, 7 Cal. 514, the court held that a bond executed to the State of California in an attachment proceeding, in accordance with the provisions of the statutes of that. State, was good, and the sureties held thereon. That is a stronger case than this, even if the county was the proper party to a recognizance. In *Hawkins* v. *State*, 24 Ind. 288, the court held that the State was a proper party to a recognizance, although the money went to the school fund of the county. The proposition that the district attorney, because he receives a compensation of ten per cent on all moneys collected by him, should be a party to all actions on a recognizance, is not worthy of any consideration. The trustee of an express trust can maintain a suit in his own name, and if the law points out who is the beneficiary in the action, there need be no allegations showing for whose benefit the action is prosecuted. No party is required to allege the law or prove it.

The respondent alleges that there is a misjoinder of parties defendant; that Grinnell is not a proper party in an action on this recognizance. This is true, but Hildebrand, Quinn and Smith cannot object to this error. The party improperly joined is the only one who can take advantage of the same.

It is claimed that neither the recognizance or complaint shows any jurisdiction in the officer taking it, and that the recognizance shows no cause for its execution. It is not necessary that the recognizance should show the jurisdiction of the officer taking it, or any cause for its execution. That was the rule under the common-law practice, but has been abolished by section 257 of our Criminal Practice Act. It is as follows:

"No action upon a recognizance may be defeated for any defect of form or any omission of recital, condition, or undertaking

therein, or neglect of the clerk to indorse or record it; but the sureties shall be bound thereby to the amount specified therein. A recognizance may be 'recorded after execution is awarded." This statute was enacted for the purpose of abolishing those formal and technical recitals in a recognizance showing the jurisdiction of the officer awarding bail, and that proper proceedings had been had to make it necessary for a party to give a recognizance.

It was not necessary that the seal of the probate court should have been affixed to this recognizance, the justification of the sureties or the approval. The probate judge, in acting as a committing magistrate, does not act as the probate court. The seal of the probate court is required to be affixed to certain writs and proceedings in that court and to none other in the nature of judicial proceedings.

It is urged that the probate judge should have made an order admitting Grinnell to bail. The complaint shows that such an order was made. It was not necessary that it should have been recited in the recognizance.

The respondents maintain, and the question is not free from difficulty, that the recognizance was forfeited before the time fixed therein for the appearance of Grinnell. The proper construction of the recognizance upon the time fixed for the appearance of Grinnell is, that they undertook that he should appear on the first day of the October term of the district court for Jefferson county, A. D. 1874. It was thought that this term of court commenced on the second Monday in said October instead of the first Monday, and the parties so recited in the recognizance. It will be observed, upon an inspection of the recognizance, that the defendants did not undertake that Grinnell should appear on the second Monday in October, 1874, but on the first day of the term of the above district court for October of that year. The law was that the district court should open on the first instead of the second Monday. When the defendants undertook that the accused should appear on the first day of that term, the law came in and said "this is the first Monday in October." The defendants undertook to say, contrary to the provisions of law, of which they were bound to take notice, that this was the second Monday in October. Here is an ambiguity which is the subject of judicial construction. I

think the material part of this undertaking was that the defendant Grinnell should appear on the first day of the term of that court, and the time fixed in that recognizance, for the time of holding that court, being mere description, and contrary to the provisions of law, should be disregarded, or should not make void the recognizance. If the defendants were damaged by this recital it might be a matter of defense under proper averments. If the undertaking had been that the defendant Grinnell should appear on the second Monday in said October, a different question would be presented. The order of forfeiture in regard to this recognizance having been made during the October term of said court, after the first day and after the indictment had been found against Grinnell, was not void.

The crime set forth in the recognizance is an attempt to commit murder. This is an offense under our statutes. Section 191 of our Criminal Laws provides, that " Every person who shall attempt to commit a public offense, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof," etc. The punishment of this offense is provided for in this section. Murder is a public offense. The attempt to commit murder is an offense under this section.

While under our statute the jurisdiction of the court taking the recognizance need not be recited therein, nor the proceedings and orders requiring a party to enter into a recognizance for his appearance at court, these facts should appear in a complaint which seeks to recover judgment on such a recognizance.

In *Hawkins* v. *State*, 24 Ind. 288, the court says : " Without proof showing the facts which authorized the justice to take the recognizance, the finding should have been for the appellant." If it is necessary to prove such facts it is necessary to allege them. The same reasons that required, under the practice before the adoption of our statutes upon criminal procedure, that the recognizance should show the jurisdiction of the court and the proceedings that warranted the giving of the same, apply to a complaint under our practice to recover judgment on a recognizance. These facts should appear in such a complaint as much as the consideration for a promise to pay a certain sum of money should be set forth in a complaint asking judgment for that sum. In

this complaint the allegations show that the defendant Grinnell was arrested upon a complaint and arraigned for examination upon the charge of an assault with the intent to commit murder. It appearing that the said defendant waived examination, and the judge, having reasonable cause for believing him guilty of said charge, ordered him held to bail to answer said charge at the next term of the district court. In these allegations there is sufficient to show that Grinnell was required to enter into a recognizance for an assault with the intent to commit murder. The recognizance recites that the crime which the defendant Grinnell was required to appear and answer for, was an attempt to commit murder. This is a different offense from an assault with the intent to commit murder. There may be an attempt to commit an assault. 2 Bishop on Crim. Law, §§ 62, 739, *et seq.*, treats of the attempt to commit murder. An assault is not a necessary ingredient of every murder. 2 id., § 56. I can conceive of attempts to commit murder, and of acts done toward its commission, and no assault having been committed upon such person. If an assault with intent to commit murder is a different offense from an attempt to commit murder, we are presented with the question: Would a recognizance given for the appearance of a person to answer an indictment for an attempt to commit murder be good, when it appears that he was ordered to give a recognizance to answer for an assault with the intent to commit murder? I think it would not. Suppose a party is held by a magistrate to answer for the crime of murder, would any one think a recognizance would be good which in pursuance of such order undertook that the defendant was to appear and answer for the crime of larceny? Suppose a party charged with murder should be held to answer that crime, could he present to the officer having him in charge a recognizance which undertook that he should appear to answer the charge of larceny, and ask that he should be released, although the amount might be sufficient and the sureties responsible? The statement of such a proposition is a sufficient answer. Such a recognizance would not prevent a party's re-arrest. There would really be no consideration for such a recognizance. The real consideration for a recognizance is that a party under arrest shall be released therefrom under certain conditions. If a recognizance

will not have that force it is void.  It is not what the parties intended when they entered into it.  Although there is not the same difference between the crime " of an attempt to commit murder," and " an assault with the intent to commit murder," as between murder and larceny the principle is the same.  If there is no such crime as " an attempt to commit murder," then the recognizance is bad.  When an attempt to describe a crime is made in a recognizance, and the defendant is required to appear and answer an indictment, the offense should be an indictable one. *Baily* v. *The State*, 4 Tex. 417; *Cotton* v. *The State*, 7 id. 547. This is not an omission in the undertaking of the defendants.  It is an undertaking which they were not required to enter into under the order of any court, so far as the complaint shows.  On this last ground the judgment of the court below is affirmed.

*Judgment affirmed.*