[In Bank.—May 15, 1883.]

PEOPLE OF THE STATE OF CALIFORNIA, RESPOND-ENT, v. Y. R. DE PELANCONI ET AL., APPELLANTS.

ACTION ON FORFEITED BAIL-BOND.—An action on a forfeited bail-bond may be brought in the name, either of the people or of the county; and the district attorney is authorized to bring the action.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are sufficiently stated in the opinion of the court.

*F. H. Howard*, for Appellants.

The action must be brought in the name of the party inter-ested. There is no provision of law authorizing the district attorney to bring such an action. (Code Civ. Proc. § 367; *Men-docino Co.* v. *Lamar*, 30 Cal. 628.)

*Stephen M. White*, District Attorney, for Respondent.

The suit was properly brought. Section 1570 of the Penal Code merely provides for the disposition of funds after collec-tion. The bond runs to this plaintiff. (See § 369, Code Civ. Proc.) .

As to the authority of district attorney, see § 4256, sub. 3, Pol. Code.

Actions such as this brought in the name of "The People of the State of California" have frequently passed unchallenged in this court, and the practice thus sanctioned should not be departed from. (See *People* v. *Carpenter*, 7 Cal. 402; *People* v. *Smith*, 18 Cal. 498; *People* v. *Love*, 19 Cal. 677; *People* v. *Penniman*, 37 Cal. 271.)

MYRICK, J.—One Ramirez, being in custody under a bench warrant issued out of a Superior Court, upon an information for the crime of forgery, was ordered to be admitted to bail in the sum of $2,000, and the defendants in this action executed an undertaking in the form prescribed by section 1287, Penal Code. The bond becoming forfeited, this action was brought by the district attorney against the sureties.

The only point presented on this appeal is : The action should have been brought in the name of the county; the county is the only party in interest, as the money recovered must go into the county treasury; the action cannot be sustained in the name of the people, and the district attorney is not authorized to bring the action.

In several cases in this State, the action has been sustained when brought in the name of the people. (*People* v. *Smith*, 18 Cal. 498; *People* v. *Love*, 19 Cal. 677; *People* v. *Penniman*, 37 Cal. 271.) It has also been sustained when brought in the name of the county. (*Mendocino County* v. *Lamar*, 30 Cal. 628; *City and County of San Francisco* v. *Randall*, 54 Cal. 408.) We see no objection to sustaining the action when brought either in the name of the county or of the people. The section above referred to requires that the amount named shall be payable to the people of the State of California; when recovered, it is to take certain named directions.

The district attorney is authorized to proceed by action. (§ 1306, Pen. Code; § 4256, subd. 3, Pol. Code.)

Judgment affirmed.

THORNTON, J., SHARPSTEIN, J., McKINSTRY, J., and McKEE, J., concurred.