PEOPLE, *for use of* HOUGHTEN, *v.* NEWBERRY.

1. MUNICIPAL CORPORATIONS—PUBLIC CONTRACTS—BONDS — STATUTE—APPLICATION.

> Sections 10743–10745, 3 Comp. Laws, which require public officers contracting for public buildings and works to take a bond from the contractors for the protection of laborers and materialmen, do not require such a bond when a municipality itself makes a contract to purchase materials for municipal purposes.

2. SAME—BONDS—UNNECESSARY BONDS—VALIDITY.

> A bond given by a contractor furnishing materials to a city, which states that the contract is within sections 10743–10745, 3 Comp. Laws, requiring such bonds, is available to a person furnishing materials to the principal, though the contract was not within the purview of the statute, and a bond was not required by law. OSTRANDER, HOOKER, and McALVAY, JJ., dissenting.

Error to Wayne; Brooke, J. Submitted October 17, 1907. (Docket No. 83.) Decided May 1, 1908.

Assumpsit by the People of the State of Michigan, for the use and benefit of Henry Houghten, against Truman H. Newberry and others on a statutory bond. There was an order overruling a demurrer to the declaration, and defendants bring error. Affirmed.

*Angell, Boynton, McMillan & Bodman,* for appellants.

*Gray & Gray,* for appellee.

The declaration in this case sets forth the following bond:

"Know all men by these presents that we, Michigan Stone & Supply Co., of the City of Detroit and State of Michigan, as principal, and Truman H. Newberry and Cameron Currie, of the same place, as sureties, are held and firmly bound unto the people of the State of Michigan in the sum of five hundred dollars, to the payment whereof, well and truly to be made, we bind ourselves,

our heirs, executors and administrators, firmly by these presents.

"Sealed with our seals and dated this 9th day of April, A. D. 1904.

"Whereas, The above named principal has entered into a contract with the city of Detroit, dated the 9th day of April, A. D. 1904, wherein the said principal hath covenanted and agreed as follows, to wit:

"To furnish six hundred (600) tons, more or less, of limestone dust for street asphalt paving mixture—all limestone dust to be approved by the asphalt expert of the city of Detroit, and to be according to the specifications for street asphalt paving adopted by the common council February 23, 1904, and to be delivered f. o. b. at the municipal asphalt plant in the city of Detroit, western district yard, at such times and in such quantities as may be required and ordered by the department of public works of said city of Detroit.

"Stone dust to be furnished in sacks; sacks to be the property of the Mich. S. & S. Co., and to be ret'd to them by the department of public works.

"And whereas, said contract is within the provisions of 'An act to insure payment of wages earned, and for materials used in constructing or ornamenting public buildings, and public works.' Approved May 16, 1883, as amended by an act approved April 15, 1885.

"Now, the condition of this obligation is such that if the said Mich. Stone & Supply Co., the said principal, shall, in all respects, well and faithfully execute and perform, live up to and abide by the terms of said contract, and if said principal, and any subcontractor to whom the whole or any part of said contract may be assigned or let, shall well and truly pay, as the same may become due and payable, all indebtedness which may become due to any person, firm or corporation on account of any labor performed or material furnished in the construction, erection, repairing or ornamenting of such building, works or improvement, then this obligation shall be void and of no effect, otherwise, the same shall be in full force and effect.

| | |
|---|---|
| "MICHIGAN STONE & SUPPLY CO. | (L. S.) |
| "T. H. NEWBERRY, Treas. | (L. S.) |
| "CAMERON CURRIE, Secy. | (L. S.) |
| "T. H. NEWBERRY. | (L. S.) |
| "CAMERON CURRIE." | (L. S.) |

It avers that "Henry Houghten did furnish and deliver to the city of Detroit at the request of said Michigan Stone & Supply Co. certain material to apply upon said contract herein above referred to and for the payment of which said bond or written obligation was given." That a balance of $840.65 is due the said Houghten for which he has recovered judgment against said Michigan Stone & Supply Co. in the circuit court for the county of Wayne. It also contains other formal and appropriate averments. Appellants demurred upon the ground that the bond was not required by the statute referred to therein and that the facts set forth gave plaintiff no right of action. This demurrer was overruled and the case is brought before us for review by writ of certiorari.

The statute referred to in the bond is found in sections 10743, 10744, and 10745, 3 Comp. Laws. Section 10743 reads as follows:

"That when public buildings, or other public works or improvements are about to be built, repaired, or ornamented under contract, at the expense of this State, or of any county, city, village, township, or school district thereof, it shall be the duty of the board of officers, or agents, contracting on behalf of the state, county, city, village, township, or school district, to require sufficient security by bond, for the payment by the contractor, and all subcontractors, for all labor performed, or materials furnished in the erection, repairing, or ornamenting of such building, works or improvements."

Section 10744 provides:

"Such bond shall be executed by such contractor * * * and conditioned for the payment by such contractor * * * as the same may become due and payable, of all indebtedness which may accrue to any person, firm, or corporation on account of any labor performed, or materials furnished in the erection, repairing, or ornamenting of such building or works. Such bond shall be deposited with, and held by, such board, officer or agent, for the use of any party interested therein."

Section 10745 reads:

"Such bond may be prosecuted, and recovery had, by

any person, firm or corporation, to whom any money shall be due and payable, on account of having performed any labor, or furnished any materials in the erection, repairing, or ornamenting of such building or works, in the name of the people of this State, for the use and benefit of such person, firm or corporation."

CARPENTER, J. (*after stating the facts*).  I think it clear that this bond was not required by the statute.  The contract with the Michigan Stone & Supply Co. to furnish limestone dust at the municipal asphalt plant did not make that company a contractor for the building, repairing or ornamenting of "public buildings, other public works or improvements."  If it did, one who furnished a single load of sand or who performed any service about the municipal plant would be equally a contractor.  The consequence of holding persons furnishing such material or labor to be contractors would be quite disastrous. It would impose upon municipal authorities the duty of requiring bonds in all such cases, thus unnecessarily hampering the conduct of public business and placing upon public officials unlooked for and burdensome obligations. I think, however, that the facts averred in the declaration make a case on common-law principles.  Appellants voluntarily executed the bond.  They therein stated that the contract of their principal was within the provisions of the statute under consideration.  It is made evident by this recital and by the language of the bond that they intended to take upon themselves the obligation which that statute imposed upon sureties.  In other words, it was their intention to thereby become sureties for the payment of material furnished their principal to enable it to perform its contract.  By giving this bond as a statutory bond it is to be presumed that appellants intended it "should be deposited with and held" by the officers exacting it "for the use of any party interested therein."  That is, that it was to be held for the use of Henry Houghten and others like him and placed where they could examine it.  This was equivalent to a proposal to Houghten to guarantee

payment of his account. By furnishing the material Houghten accepted that proposal and the proposal thereupon became obligatory. The proposal and its acceptance constituted a binding contract. *People* v. *Taylor*, 2 Mich. 253. It is true that the law did not require this proposal to be made. But that circumstance is unimportant. Appellants made it. The case would be very different if the bond had stated that liability was conditioned upon the applicability of the statute to the contract therein described. But it does not so state. It says that the " contract is within the provisions of " the statute. Is it to be inferred from this language that the bond is void if the statute is not applicable? Clearly not. The parties who have signed the bond, appellants and their principal, unequivocally state that the statute is applicable. This unequivocal statement is a part of their contract with the plaintiff Houghten. Houghten was under no obligation to determine for himself the doubtful question of the applicability of the statute. From that obligation he is relieved by the express terms of the contract. Legally speaking, the contract is the same as if it had stated:

" Even if the statute, sections 10743 to 10745, 3 Comp. Laws, inclusive—does not require the giving of this bond, we, the parties hereto, take upon ourselves the same obligation as if it were required."

Any doubt respecting the binding force of such an obligation in a contract must rest upon the ground that common-law principles forbid its being entered into. Certainly that ground is untenable, for, according to those principles, appellants could have guaranteed the account of Houghten, and that, under the principles of this opinion, is precisely what they did. This same result would be reached by saying that appellants are estopped from denying that the statute applies to their case. I shrink from making such a statement. It would involve a consideration of the difficult question (see Bigelow on Estoppel [4th Ed.], p. 554), Can one be estopped by a statement of a proposition of law? And if that question is answered in

the negative, it raises another, viz.: Is that answer applicable to this case? The ground upon which this opinion proceeds makes it unnecessary to consider those questions. It holds that appellants' obligation to plaintiff rests not upon estoppel but upon contract. Appellants are responsible, not because they are estopped from denying the applicability of the statute, but because they have entered into a valid contract to perform the same obligation which they would owe were the statute applicable.

Appellants also contend that the bond "cannot be made effective as a common-law bond" as in that case "a suit in the name of the people would not lie." While this suit is brought in the name of "The People of the State of Michigan," the real plaintiff is Henry Houghten, for whose use and benefit the suit is brought. The contention under consideration is, then, merely technical. It should have been raised by demurrer. It was not, and therefore should not now be considered.

If these views are correct, the order of the trial court overruling defendants' demurrer should be affirmed.

MONTGOMERY and MOORE, JJ., concurred with CARPENTER, J.

GRANT, C. J. I concur with my Brother OSTRANDER in holding that the work which this bond covers was not such as the statute contemplates, and would not have made the public officers liable for not securing a bond. It is true, however, that the public authorities, the principal of the bond, and the sureties understood that such a bond was required by the statute, or that the question was so doubtful that it would be wise to require it. Consequently the bond was executed and the creditors of the principal have undoubtedly relied upon it. I think the defendants are estopped now to deny its validity. They asserted in the bond that it was such as was required by the statute. They have put their own construction upon it. I think it immaterial in this case whether that con-

struction was the correct one. It ought to bind them when parties have acted upon the faith and validity of it.

I am for the affirmance of the judgment.

BLAIR, J., concurred with GRANT, C. J.

OSTRANDER, J. The bond sued upon is set out in the declaration. It runs to the people of the State of Michigan. It recites the contract with the city of Detroit to furnish limestone dust for street asphalt paving mixture, to be approved in quality, to be according to specifications, to be delivered at the municipal asphalt plant at such times and in such quantities as may be required and ordered by the department of public works. It is recited that "said contract is within the provisions of" 3 Comp. Laws, §§ 10743-10745, and the condition is that if the principal shall execute and perform the contract, and it, or any subcontractor to whom the whole or any part of said contract may be assigned or let, shall well and truly pay, as the same may become due and payable, all indebtedness which may become due to any person, firm or corporation on account of labor performed or material furnished in the construction, erection, repairing or ornamenting of "such building, works or improvements," then the obligation to be void. It is averred that the bond was required under the laws of the State, that plaintiff, Henry Houghten, furnished and delivered to the city, at request of the principal, certain material to apply upon the contract, has not been paid for the material furnished, has sued the principal and recovered judgment, and that thereby the bond has become operative in his favor. It appears from the plaintiff's bill of particulars that he furnished more than 350 of the 600 tons of limestone contracted for.

It is "when public buildings, or other public works or improvements are about to be built, repaired, or ornamented under contract, at the expense of this State, or of any county, city, village, township, or school district thereof," that it becomes the duty of the public officers contracting to require security, by bond, for the payment

by the contractor and all subcontractors for labor and materials "furnished in the erection, repairing or ornamenting of such building, works or improvements."

I shall assume, because it does not seem to me to require argument, that when a municipality itself buys limestone, or wood, or coal, or paving bricks, for municipal purposes, no duty is raised by this statute to require the contractor to give a bond to pay his men employed in making delivery of the property sold, or to pay those from whom the material may be purchased. This bond was not, so far as the protection of those in whose interest the statute exists, one which could be legally required.

The decisions of this court in *Board of Sup'rs of St. Joseph Co.* v. *Coffenbury,* 1 Mich. 355, and in *Village of Evart* v. *Postal,* 86 Mich. 325, relied upon by counsel for plaintiff, are neither of them authority for the proposition that such a bond, if given, is valid whether or not there was statutory requirement for it. In the case first cited, the statute did require a bond to be given; in the other it was executed pursuant to an order of the village council which had the power to make such an order. Using the term voluntary in the sense of not being required by law, the bond in question was, as to condition thereof relied upon, a voluntary bond. It is said that the sureties are estopped to assert this is not a statutory bond by the recital therein that it is within the provisions of the statute. It is the general rule that they may not deny facts recited in the obligation. The recital referred to here is of a legal conclusion. Whether sureties would be in any case concluded by such a recital, we need not consider, because, in any event, while a statutory bond, defective in form, may be interpreted according to the intent of the legislative enactment (*County of Bay* v. *Brock,* 44 Mich. 45; *Brockway* v. *Petted,* 79 Mich. 620 (7 L. R. A. 740); *Board of Education of Detroit* v. *Grant,* 107 Mich. 151; *People* v. *Laidlaw,* 120 Mich. 360), such interpretation cannot enlarge or modify a bond corresponding in form precisely with the statute. In as-

suming a bond to be sufficient to give the security intended by the statute, we may not go further and assume, contrary to its express condition, that it was intended to furnish other and further security. Plaintiff has assumed, and his declaration proceeds upon such theory, that the bond is a valid statutory bond. No breach of the condition of this bond is alleged. On the contrary, the declaration sets up the case of a creditor of one who agreed to furnish the city with certain material and the court is asked to interpret the bond not as sufficient to satisfy the legislative intent, as in form it does, but as sufficient to support the case made by the declaration which clearly is outside of the legislative intent. It is not claimed, and the declaration does not conform to the idea, that the obligation was voluntarily given to secure the plaintiff, was, in fact, relied upon by him, and is a good common-law bond for his protection. The demurrer should have been sustained.

The judgment should be reversed, the demurrer sustained, and the record remanded with leave to plaintiff to amend if so advised.

HOOKER and McALVAY, JJ., concurred with OSTRANDER, J.