COUNTY OF WHEATLAND, RESPONDENT, *v.* VAN ET AL.,
APPELLANTS.

(No. 4,790.)

(Submitted June 1, 1922. Decided July 3, 1922.)

[207 Pac. 1003.]

*Bail—Action on Bond—State Proper Party Plaintiff.*

1. In an action on a bail bond in the form prescribed by section
12173, Revised Codes of 1921, running to the state, the state and
not the county is the proper party plaintiff, though, under section
12433, the money recovered goes to the county and not to the
state.

*Appeal from District Court, Wheatland County; E. H. Good-man, Judge.*

ACTION by the County of Wheatland, against Oliver Van
and wife. Judgment for plaintiff and defendants appeal.
Reversed and remanded, with directions to dismiss complaint.

*Mr. W. C. Husband* and *Messrs. Loud & Leavitt,* for Appel-lants, submitted a brief; *Mr. Chas. H. Loud* argued the cause
orally.

The contract sued upon in this case is between the state of
Montana and the defendants, and the county of Wheatland
has no direct interest in the contract itself. In the event an ac-tion is brought and a recovery is had, and the forfeiture is col-lected, then, and not until then, has the county of Wheatland
an interest in the proceedings. (Sec. 9715, Rev. Codes 1907.)
This court in the early territorial days decided that suits on
forfeited recognizances should be brought in the name of the
Territory. (*Territory* v. *Hildebrand,* 2 Mont. 426.)

It was urged in that case that the action should have been
brought in the name of the county Commissioners of the
county, and in disposing of this contention the court, in its
opinion at page 428 said: "It is true that the penalties re-covered on any forfeited recognizance go to the county. The

county may receive a benefit from the action, but it does not follow that the action should be prosecuted in the name of the county commissioners." This case was cited and followed in the case of *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044. In Wisconsin it has been held that an action should not be brought in the name of the county, but in the name of the state. (*State* v. *Wittstein,* 64 Wis. 234, 25 N. W. 34.)

In South Dakota, the same conclusion was reached upon statutory provisions the same as ours. (*State* v. *Newson,* 8 S. D. 327, 66 N. W. 468.) The Oklahoma court also reached the same conclusion after construing the provisions of their statutes, which are almost identical with ours. (*McColgan* v. *Territory et al.,* 5 Okl. 567, 49 Pac. 1018; see, also, *State* v. *Grant,* 10 Minn. 39; *Fry* v. *State,* 27 Ind. 348; *State* v. *Bradish,* 34 Vt. 419; *Ainsworth* v. *Territory,* 3 Wash. Tr. 270, 14 Pac. 590.)

*Mr. Wellington D. Rankin* and *Mr. L. A. Foot,* Assistant Attorney General, submitted a brief; *Mr. Foot* argued the cause orally.

The proceeds of the forfeitures of bail collected in any court except police courts belong to the county in which the court is held. The county is the real party in interest, and notwithstanding the bail or undertaking runs to the state, the action is properly brought in the name of the county.

In the case of *Elrage* v. *Greenlee Co.,* 16 Ariz. 159, 141 Pac. 575, the court said: "The disposition of fines and forfeitures is directed by the law and the amount to be derived in this action must be paid into the county treasury of Greenlee county. (Sec. 1430, Pen. Code Ariz. 1913.) The county attorney is authorized to bring the action. (Sec. 1215, Pen. Code Ariz. 1913.) The county being the real party in interest, the action was properly brought in the name of the county." Sections 1215 and 1430 of the Penal Code of Arizona correspond to sections 9471 and 9715, Revised Codes of 1907. To the same effect as in the Arizona case above are the cases of

[64 Mont. 113.]
*People* v. *De Pelanconi,* 63 Cal. 409; *County of Mendocino* v. *Lamar,* 30 Cal. 628; *Shelby Co.* v. *Simmonds,* 33 Iowa, 345; *Malheur Co.* v. *Carter,* 52 Or. 616, 98 Pac. 489.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action by Wheatland county against the defendants, to recover the sum of $2,000 upon a bail bond executed by the defendants as sureties to the state of Montana, in a criminal action, wherein the state was plaintiff and Roderick K. McLeod was defendant, McLeod having been charged by information with the crime of arson. The bail bond is in usual form, and by its terms the defendants, as such sureties, undertook and agreed to pay to the state of Montana the sum of $2,000 should the accused, McLeod, fail to appear and answer the charge. After issues joined by the pleadings, the cause was submitted to the court for decision upon an agreed statement of facts. The court thereafter made its findings of fact and conclusions of law, upon which judgment was entered in favor of the plaintiff. The appeal is from the judgment.

The determinative question in the case is whether the judgment in favor of the county may stand.

The bond made the basis of this action is as follows:

"An information having been filed on the 11th day of July, A. D. 1917, in the district court of the county of Wheatland, state of Montana, charging Roderick K. McLeod with the crime of arson in the first degree, and he having been admitted to bail in the sum of two thousand ($2,000.00) dollars:

"We, Roderick K. McLeod, as principal, and Oliver Van, by occupation a rancher, and Anna Van, by occupation a rancher and housekeeper, residents of the county of Prairie, state of Montana hereby undertake that the above-named Roderick K. McLeod will appear and answer the above-mentioned information in whatever court it may be prosecuted, and will at all times render himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof, or, if he fails to perform either

of these conditions, that we will pay to the state of Montana, the sum of two thousand dollars ($2,000.00).

"Dated this 28th day of July, A. D. 1917.

"RODERICK K. McLEOD,

"Principal.

"OLIVER VAN,

"ANNA VAN,

"Sureties."

This form follows the language prescribed by statute (sec. 12141, Rev. Codes 1921), and the justification thereto was made as required (*Id.,* sec. 12142). The law prescribes the form of the bond (*Id.,* secs. 12141 and 12173), and the obligee therein is made "the state of Montana." The bond sued upon runs to the state of Montana, as required; but it is contended by counsel for the respondent that the county of Wheatland, being the real party in interest, is the proper party plaintiff. With this contention we do not agree, although some courts have so decided, and section 9067, Revised Codes of 1921, requires that "every action must be prosecuted in the name of the real party in interest," and by the provisions of section 12433, *Id.,* the county, rather than the state, is the sole beneficiary.

There are cases holding that the county, rather than the state, under like form of bond and statutory provisions, is the proper party plaintiff (*Mendocino County* v. *Lamar,* 30 Cal. 628; *San Francisco* v. *Randall,* 54 Cal. 408; *People* v. *Haggin,* 57 Cal. 579; *Mendocino County* v. *Morris,* 32 Cal. 148; *Shelby County* v. *Simmonds,* 33 Iowa, 345; *Malheur County* v. *Carter,* 52 Or. 616, 98 Pac. 489; and *Elrage* v. *Greenlee County,* 16 Ariz. 159, 141 Pac. 375); others holding that the action may be maintained in the name of either the state or county (*People* v. *De Pelanconi,* 63 Cal. 409); but we see no reason to change the early established rule in this state that the action should be instituted by the state as plaintiff (*Territory* v. *Hildebrand,* 2 Mont. 426); this doctrine being also approved by other courts (*People* v. *Smith,* 18 Cal.

498; *People* v. *Love,* 19 Cal. 677; *People* v. *Penniman,* 37 Cal. 271; *Chandler* v. *Commissioners,* 2 Ohio Dec. 112; *State* v. *Wettstein,* 64 Wis. 234, 243, 25 N. W. 34; 6 C. J. 1061). As was stated by Mr. Justice Knowles, speaking for this court in territorial days in the *Hildebrand Case,* and we think correctly: "It is true that the penalties recovered on any forfeited recognizance go to the county. The county may receive a benefit from the action, but it does not follow that the action should be prosecuted in the name of the county commissioners."

It is an action on contract. The bond on its face discloses the party entitled to maintain an action thereon in the event of breach. Although the money recovered goes to the county, yet the contract is with the state, not the county. What disposition is made by the state of the amount recovered is a matter of no concern as regards an action to recover on the bond. The state is expressly made the trustee of the money recovered on such obligations, and the law prescribes its disposition. It is merely a matter of state administration. There is no privity of contract between the county and the sureties on the bond, and therefore the judgment in favor of the county cannot stand.

The judgment is reversed and the cause remanded, with directions to dismiss the complaint.

*Reversed and remanded.*

ASSOCIATE JUSTICES FARR, COOPER and HOLLOWAY and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.