GREGG, RESPONDENT, v. BAYERS, APPELLANT.

(No. 5,603.)

(Submitted March 25, 1925. Decided April 9, 1925.)

[235 Pac. 337.]

*Actions—Taxpayers' Suits—County Funds—Recovery of Unlawful Payment — Mandamus — Taxpayer not Proper Party Plaintiff—County Attorneys.*

County Funds — Recovery of Unlawful Payment — Taxpayer not Proper Party Plaintiff.
1.   Under section 4821, Revised Codes of 1921, an action to recover county funds unlawfully paid must be brought by the county attorney in the name of the county, it being the real party in interest, and cannot therefore be maintained by a taxpayer.

County Attorneys—Refusal to Bring Action in Behalf of County—*Mandamus.*
2.   Where a county attorney fails or refuses to bring an action to recover county funds illegally paid out, he may be compelled to act by *mandamus* or proceedings for his summary removal may be instituted.

---

Counties, 15 **C. J.**, sec. 354, p. 643, n. 7.
Mandamus, 38 **C. J.**, sec. 272, p. 697, n. 93.

*Appeal from District Court, Golden Valley County; George A. Horkan, Judge.*

ACTION by William H. Gregg against A. C. Bayers. Judgment for plaintiff and defendant appeals. Reversed and remanded, with direction to dismiss the complaint.

*Mr. V. D. Dusenberry,* for Appellant, submitted a brief and argued the cause orally.

No appearance on behalf of Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

By this action, the plaintiff, a resident taxpayer of Golden Valley county, seeks to recover from the defendant, one of the board of county commissioners of the county, the sum of $541.31, together with twenty-five per cent thereof additional, as damages, and costs incurred in the action. The action is expressly predicated on section 4821 of the Revised Codes of 1921, and was instituted by the plaintiff on behalf of himself, "other taxpayers" in the county, and the "county of Golden Valley, * * * a municipal corporation." The complaint alleges that the defendant presented a claim against the county, and thereupon caused the sum of $541.32 to be illegally and unlawfully paid to him by the county treasurer, and thereby the defendant became and is indebted to the county in that amount; that the reason the action is brought by the plaintiff is that the county attorney, although frequently requested so to do, has without reason or excuse refused and neglected to prosecute the action. A special demurrer was interposed to the complaint, alleging a misjoinder of parties plaintiff, in that the county is a necessary party, and the only proper party to bring the action. The demurrer was by the court overruled, and the defendant failing and refusing to further plead, his default was entered and proofs were submitted by the plaintiff, upon which judgment was entered in favor of the plaintiff "as a taxpayer on behalf of himself and other taxpayers of, and the county of Golden Valley, Montana, a municipal corporation," in accordance with the prayer of the complaint, for the sum of $676.65 and costs. The appeal is from the judgment.

The only question presented for decision is whether the [1] plaintiff is entitled to maintain this action. The statute under the provisions of which the action was brought reads: "If the board of county commissioners, without authority of law, order any money paid as a salary, fees, or for any other purposes, and such money has been actually paid; or if any

other county officer has drawn any warrant or warrants in his own favor, or in favor of any other person, without being authorized thereto by the board of county commissioners or by law, and the same has been paid, the county attorney is empowered, and it is his duty, to institute an action in the name of the county against such person or persons to recover the money so paid, and twenty-five per cent damages for the use thereof; and no order of the board of county commissioners therefor is necessary to maintain such suit; but when the money has not been paid on such order or warrants, it is the duty of the county attorney upon receiving notice thereof, to commence an action in the name of the county for restraining the payment of the same, and no order of the board of county commissioners is necessary to maintain such action.'' (Sec. 4821, Rev. Codes 1921.)

Under the enumerated powers of a county it may sue and be sued. (Sec. 4444, Rev. Codes 1921.) This is a general statutory authority conferred upon a county which did not exist at common law. However, the language of a statute specially conferring a right of action on a county in particular instances, as in the case under consideration, is controlling. Right of action is by the Act expressly conferred upon the county, and the county attorney alone is clothed with authority to institute the action. The county may institute action in its name, but only through the county attorney. The very enactment which confers the right also prescribes the method by which this particular right shall be enforced. We must interpret the language of the statute as it appears, in accordance with its meaning, and are not at liberty to interpolate additions thereto. (*Id.,* 10519.)

The right of action being purely statutory, its provisions [2] must be followed. In plain, simple language it is provided that the action shall be brought *''in the name of the county.''* Should the county attorney fail to perform the duty specifically imposed on him *''to institute an action,''* the taxpayers or

electors are not without remedy. They may through resort to *mandamus* compel him to act, or institute proceedings for his summary removal, or voice protest at the polls on election. This enactment is wholly different from one providing that, in case the county attorney "shall fail or refuse to bring" action as required thereby, *"a suit may be brought by any taxpayer or elector,"* (sec. 1205), such as was considered in this court in the case of *State ex rel. Stephens* v. *Zuck,* 67 Mont. 324, 215 Pac. 806. The legislature might have conferred like authority on a taxpayer in the statute under consideration, but it did not see fit so to do. This was within its province. It has the unquestioned power to make such distinctions as appear in these statutes if it wishes, and it has unmistakably done so in these enactments. The county is the real party in interest, and an action brought by a taxpayer is not warranted. (Sec. 9067, Rev. Codes 1921; *Wheatland County* v. *Van,* 64 Mont. 113, 207 Pac. 1003.)

The judgment is reversed and the cause remanded to the district court of Golden Valley county, with directions to dismiss the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.