THE VILLAGE OF EVART v. FRANK S. POSTAL.

86 325
j152 299

*Official bonds—Defenses.*

A bond voluntarily executed by a village treasurer upon the order of the village council, which it had the power to make, is not a nullity because the council failed to pass and have recorded formal resolutions requiring and approving the bond, nor can, the principal or sureties urge such neglect as a defense in a suit upon the bond.

Error to Osceola. (Judkins, J.) Argued May 14, 1891. Decided June 5, 1891.

Debt. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Sayles & Trumbull* and *Cooper & Fleischhauer (Edward Cahill,* of counsel), for appellant.

*C. H. Rose,* for plaintiff.

GRANT, J. This is a suit upon an official bond executed by one Allen Campbell, treasurer of the village of Evart, as principal, and defendant, Postal, as surety. It was tried before the court without a jury, and the following is a substantial finding of the facts:

Campbell was appointed treasurer April 28, 1888, duly qualified, and continued in the office until January 9, 1889. He executed a bond, with one M. L. Stevens as surety, who was at the time a member of the village council. July 25, 1888, the village council, at a regular session, deeming it for the best interests of the village, directed the president to require the treasurer to furnish a new bond. The reasons for such action were that Stevens could not lawfully remain a member of the

council while surety upon the bond, and that Campbell had allowed some of his commercial paper to go to protest. In accordance with this instruction the president requested Campbell to give a new bond, with which request he complied, executing the present bond July 28, 1888. July 30, 1888, Campbell delivered this bond to the president, and the president and clerk indorsed their approval upon it. At the next meeting of the council the bond was reported by the president and clerk, and was by them duly accepted and approved. This bond was thereafter treated and accepted by the council as the treasurer's official bond. The action of the council in ordering, accepting, and approving the bond was not recorded in the council proceedings, and no reference therein is made to said bond. Campbell became a defaulter, and absconded, having embezzled village moneys. Upon these facts the court rendered judgment in favor of the plaintiff for the treasurer's deficiency.

Defendant insists that the bond is void because the council did not pass a formal resolution requiring an additional bond, and cause the same to be recorded in its proceedings, and because the approval is not evidenced by a like resolution and record. The power of the council to require an additional bond is undoubted. That the occasion for such bond existed is unquestioned. There is no evidence that Campbell did not thoroughly understand all the facts, and the manner in which the council made the request. Defendant does not claim that he was misled in any way, for he was not called as a witness. The village authorities acted upon this as a valid bond for nearly six months. Under this finding we think there are two fatal objections to the defendant's position:

1. This was a voluntary bond. *Board of Supervisors v.*

*Coffenbury*, 1 Mich. 354, and cases there cited. It may be admitted that the action of the council was not such as to render it obligatory upon Campbell to execute a new bond. This requirement he certainly could waive. We do not think it is the rule in this State that a bond so executed is a nullity.

2. The neglect of the council either to require or approve the bond by a recorded resolution constitutes no defense to this action. It is clear that Campbell could not make it; and, if the principal could not, neither could his sureties. Such defenses are not, in our judgment, favored by the law. Certainly they are against public policy. The neglect of officers in such matters is rarely, if ever, held a good defense on official bonds. Defendant's counsel concede that if this had been the first bond it would have been valid. We are unable to see any distinction in principle between the two.

It is not entirely clear that any formal resolution, either requiring an additional bond or approving it, was necessary. A similar question arose in *O'Marrow v. Port Huron*, 47 Mich. 585. The provision of the city charter of Port Huron appears to be the same as that in the present case. The Court there held that the mode of proceeding was not pointed out, but that, whatever it might be, it ought to carry with it some action sufficient to express in an affirmative manner the assent and approbation of the body. Tested by this rule, no doubt could reasonably exist of the assent and approval of the council in the present case.

Judgment affirmed.

The other Justices concurred.