CUNNINGHAM *v.* HAWKINS.

1. BONDS—CONTRACTS—EXECUTION—SIGNATURE.
   A bond signed on the back by principal and surety, not in the usual place for signing, and after the justification, is valid.

2. SAME—PLEADING AND PRACTICE — EXECUTION OF WRITTEN IN-
STRUMENT.

The failure of the defendants to deny, under oath, the execu-
tion of a bond counted on in the declaration, admits its legal
execution.

3. SAME—GENERAL ISSUE—NOTICE OF DEFENSE.

Averments contained in a notice of defense, in an action on a
bond, stating that the bond was given to secure the purchase
price of certain goods, and that the principal sent in orders
for goods for which the suit was brought, were admissions
that the instrument was given to secure the price of goods
thereafter to be purchased.   (Circuit Court Rule 7 *e.*)

4. SAME—CONSTRUCTION—SALES.

A bond to pay all money due for fencing and supplies within
60 days from receipt, created an obligation of the surety to
pay for goods subsequently purchased by the principal in the
bond.

Error to Grand Traverse; Mayne, J.  Submitted Octo-
ber 11, 1910.   (Docket No. 41.)   Decided November 11,
1910.

Assumpsit by Francis C. Cunningham, Charles Chris-
tianson, Ellsworth S. Ellis and William M. Thomas, co-
partners as the Nickel Plate Fence Company, against
Otis Hawkins and Jane Hawkins on a bond.  A judg-
ment for defendants on a verdict directed by the court is
reviewed by plaintiffs on writ of error.  Reversed.

*Smurthwaite & Alway*, for appellants.

*John W. Patchin*, for appellees.

BLAIR, J.  This is an action upon a written instrument
set out in full in the declaration as follows:

"For that, whereas, the defendant Otis Hawkins, here-
tofore, to wit, April 10, 1908, desired to act as agent for
the Nickel Plate Fence Company of Manistee, Mich., a
corporation organized under the laws of this State, and to
that end purchased of and from the said Nickel Plate
Fence Company such of its fencing and supplies as he
would need or require for sale or use, at wholesale rates,

and on credit for short periods on each order for such products sent in to said corporation by him, and the said corporation declined to extend such credit to said Otis Hawkins unless the payment for such products so ordered by and delivered to him was secured by bond or otherwise. And thereupon, the said defendants on, to wit, the 10th day of April, A. D. 1908, did make, execute, and deliver to the said Nickel Plate Fence Company, a corporation as aforesaid, their bond or writing obligatory, in the words and figures following, namely:

" ' Know all men by these presents that Otis Hawkins and Jane E. Hawkins are held and firmly bound unto the Nickel Plate Fence Co., a corporation, in the sum of five hundred dollars lawful money of the United States of America, to be paid to the said Nickel Plate Fence Co., a corporation, or to its certain attorney, successors or assigns, to which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators, and each and every one of them, firmly by these presents.

" ' Sealed with our seals, dated the 10th day of April one thousand nine hundred and eight.

" ' The condition of this obligation is such, that if the said Otis Hawkins shall pay the said Nickel Plate Fence Company any and all money due said company for fencing and supplies, within sixty days from receipts of said fencing and supplies, then this bond shall become null and void, otherwise to remain in full force and effect.

" ' In the presence of

" ' JULIUS CORE.     [L. S.]

" ' M. G. ELLIS. [L. S.]

" ' STATE OF MICHIGAN, ⎫ ss.:
" ' County of Leelanau. ⎭

" ' Jane E. Hawkins, surety on the within bond of Otis Hawkins, being duly sworn, deposes and says that she is worth in the aggregate in unencumbered property, not exempt from execution under the laws of this State, the penal sum of this bond, after payment of all just debts, claims and liabilities, to wit.

" ' The said Jane E. Hawkins says she is worth $500.00 and upwards.

" ' The said_____says he is worth $_____

                                        " ' JANE E. HAWKINS.
                                        " ' OTIS HAWKINS.

" ' Subscribed and sworn before me this 10th day of April, 1908.
                    " ' JULIUS E. CORE, Justice of the Peace.

" ' My commission expires on the 4th day of July, 1909.' "

To this declaration defendants pleaded the general issue with notice of recoupment. The notice of recoupment, among other things, contained the following:

"That said defendant Otis Hawkins, relying on the promises, undertakings, and agreements of said corporation, went to work under the same, to wit, in the month of August, 1907, and faithfully worked for said corporation for a period of eight months or thereabouts, taking large orders for said corporation under said agreement. That during that time and, to wit, in the month of April, 1908, said defendant Otis Hawkins sent in to said corporation his orders for a large portion of the goods, wares, and merchandise for the recovery of the purchase price of which this suit is brought. * * * That at the time of the assignment of the property of said corporation to said plaintiffs, and of the assignment of the claims of the said corporation against defendant Otis Hawkins to the plaintiffs, the said defendant Otis Hawkins was entitled to recoup against the claims of the said corporation the said several sums hereinbefore set forth, which were then and there due from said corporation to the said defendant, Otis Hawkins, as hereinbefore specified and that the said defendant Otis Hawkins is still entitled to recoup his said claims against the claims of the plaintiffs in this case. That the said bond, being given to secure the purchase price of said goods, is subject to be recouped against by said claims of said defendant Otis Hawkins, and the said defendants hereby give notice that on the trial of said cause they will recoup," etc.

After plaintiffs had put in their evidence, the trial judge directed a verdict for the following reasons:

"As between Otis Hawkins and the Nickel Plate Fence Co., I think the case that I read to counsel, *Fowler* v. *Hoffman*, 31 Mich. 215, would govern that the term 'due' would mean, not alone matters then due, presently due, but that thereafter might become due. I think, gentlemen—I have some doubt about this—I shall make the record just as short as I can for the Supreme Court. I shall hold that the surety is not bound under this bond. That this does not create a liability for subsequent dealings between the parties as running accounts such as has been proved in this case. That under the entire testimony and objections made there to the form of the bond, its method of execution, that the bond is so defective that it

cannot be considered as a binding obligation upon Jane E. Hawkins. That will cover all the questions and the case can be taken up, made up upon this bond, and taken up."

We are of the opinion that the court erred in directing a verdict for defendants. The law deals with the substance of things, and not with their ephemeral surroundings, and the fact that the obligors in the bond indorsed it on the back and under the form of a property justification does not alter the essential character of their undertaking. Furthermore, the failure of the defendants to deny the execution of the bond under oath admitted a legal execution of the bond and cast upon them whatever liability the terms of the bond imposed. The statements of the notice under the general issue above quoted constituted admissions on the part of both defendants that the bond was given to secure the purchase price of goods thereafter to become due. Circuit Court Rule 7e; *Comstock* v. *Taggart*, 156 Mich. 47 (120 N. W. 29). Jane E. Hawkins is the mother of Otis Hawkins.

Independent of admissions, we think that a fair construction of the terms of the bond leads to the same result. *Fowler* v. *Hoffman, supra.*

The judgment is reversed, and a new trial granted.

BIRD, C. J., and OSTRANDER, BROOKE, and STONE, JJ., concurred.