REICHERT v. NASHVILLE STATE BANK.

PETITION OF VANCE.

1. Depositaries — Bonds — Directors — Justification — County Funds.

Directors of a bank who signed justification of depository bond to secure county funds were sureties on the bond although not named as such on its face and they did not sign the body of the bond as the bond and its justification constitute but one instrument.

2. Same—Measure of Liability of Sureties on Bond.

Liability of sureties on depository bond for county funds is measured by penal sum of bond and is not rendered less than *in solido* by their justification in severalty for sums less than full penalty as the obligation assumed is joint and several.

3. SAME—BONDS—APPROVAL—DEFENSES—PRINCIPAL AND SURETY.
    Failure of board of supervisors to approve depository bond for
    county funds after authorizing county treasurer to take it
    may not be urged by sureties where county funds have been
    deposited in good faith in reliance thereon.

4. SAME—EQUITABLE LIEN AGAINST ASSETS OF BANK.
    Equitable lien may not be imposed upon assets of bank in
    hands of receiver in favor of sureties on depository bond who
    claimed to have signed bond pending passage of legislation,
    subsequently passed, which would permit depository to pledge
    its assets for such purpose where such assets were otherwise
    pledged when bond was signed although redeemed by order
    of court during receivership.

Appeal from Barry; Hawley (Royal A.), J., presiding. Submitted April 18, 1934. (Docket No. 44, Calendar No. 37,380.) Decided June 4, 1934.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Nashville State Bank. On interveners' petition of W. A. Vance and others against Edward B. Finley, Jr., receiver, and Willis E. Streeter, Barry county treasurer, for release from a depository bond, for specific performance of an alleged contract and other relief. Petition dismissed. Interveners appeal. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for interveners.

*Kim Sigler,* for receiver.

WIEST, J. The Nashville State Bank failed and a receiver was appointed. Interveners, directors of the bank, were sureties upon a depository bond of the bank to secure county funds, sought to be relieved from liability on the ground that their undertaking was to be temporary until then pending legislation would authorize the bank to pledge its assets

as such depository; that such law was enacted and, while no assets were so pledged, assets in the hands of the receiver should be applied to the satisfaction of their undertaking and the bond canceled.

The agreement, if made, to supersede the personal bond by a pledge of assets, could not be carried out because the bank had pledged a large part of its assets to a Grand Rapids bank in order to secure a loan of $25,000. The interveners, sureties on the $20,000 depository bond of the bank, did not sign the body of the bond, but did sign the justification, each in the sum of $2,000.

Was it necessary to sign the body of the bond? The bond and its accompanying justification by the sureties constituted one instrument and the sureties, having signed the justification, were parties to the bond, even though they did not sign the body of the bond and were not named as such on its face. They justified: "that they are worth in the aggregate in unincumbered property not exempt from execution under the laws of this State, the penal sum of this bond." They were sureties on the bond. *Cunningham* v. *Hawkins,* 163 Mich. 317.

The sureties claim that their individual liability is not fixed by penalty of the bond but by the amount of their individual justifications. The obligation assumed by the sureties was joint and several and not rendered less than *in solido* by the justification in severalty for less than the full penalty.

The point is made that the board of supervisors authorized the county treasurer to take the bond but never approved of the same after execution. Undoubtedly there were technical failures to observe the provisions of law; none of which, however, excuse interveners from liability on the bond. See, *People* v. *Johr,* 22 Mich. 460; *Village of Evart* v.

*Postal,* 86 Mich. 325; *Buhrer* v. *Baldwin,* 137 Mich. 263; *Com'r of Banking* v. *Chelsea Savings Bank,* 161 Mich. 691; *Linz* v. *Eastland County* (Tex Com. App.), 39 S. W. (2d) 599 (77 A. L. R. 1466).

We quote the syllabus in the last case from the report in A. L. R.:

"Statutory provisions with reference to the approval of bonds of depositories of public funds are made for the protection of such funds and not for the benefit of the sureties; and a surety who executes and delivers a bond upon the faith of which public funds are delivered to his principal cannot defend against liability on the bond on the ground that it had never been approved."

See, also, annotation thereon.

The fact that the receiver, by direction of the court, redeemed the securities pledged to the Grand Rapids bank did not relate back and inure to release defendants from their obligation on the bond. The claim in behalf of the sureties that they should have an equitable lien imposed on such securities has no merit.

The decree, dismissing the petition of interveners, is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.