City of Bethany v. Howard.

CITY OF BETHANY, Appellant, v. HOWARD et al.

Division Two, May 9, 1899.

**Actions:** SUFFICIENT ALLEGATIONS: PARTIES: INDEMNIFYING BOND: SUIT BY CITY IN ITS OWN NAME. Where a contractor had agreed to dig a well for a certain sum, and the defendants had bound themselves that said contractor would pay for all labor done and materials furnished the contractor for said purpose, the city can not sue the bondsmen in its own name because said materialmen have not been paid. It can sue on such bond by averring that the action is brought to the use of such materialmen, or the materialmen can sue in the name of the city to their own use. But the city can not sue the bondsmen in its own name on the ground that it paid them a balance due the contractor, in pursuance of a promise from them that they would pay the materialmen their claims against the contractor.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

J. W. PEERY for appellant.

(1)  The provisions of the contract requiring Howard to pay for all work and material and to furnish statements

of the same, with receipted bills, to the city; and authorizing the city at any time to apply any part of the contract price to the payment of such claims, were legal and valid; and such provisions under the allegations of the petition, gave the materialmen an equitable lien upon the portion of the contract price yet remaining in the hands of the city, and which the city was about to apply under the provisions referred to. Luthy v. Woods, 6 Mo. App. 67; St. Louis v. Keane, 27 Mo. App. 642; Casey v. Gunn, 29 Mo. App. 14; Kein v. School District, 42 Mo. App. 462; St. Louis v. Lumber Co., 42 Mo. App. 586; St. Louis v. Lumber Co., 114 Mo. 74. (2) The materialmen, having under the contract an equitable interest in or lien upon the part of the contract price reserved by the city for them, and the city having by the contract the right to apply any part of the contract price to the payment of these claims, it follows that the agreement between the city and the defendants, by which the balance was paid to the two sureties in settlement of the controversy, upon the distinct agreement to pay it over to the materialmen, was a legal and valid agreement, made by the plaintiff as the trustee of an express trust, for the benefit of the materialmen; and when these sureties misappropriated these trust funds, and refused to pay them, according to their agreement, to the materialmen, then a cause of action exists either in favor of the city, with whom the sureties and principal made the agreement, or in favor of the materialmen for whose benefit it was made. The rule is well settled that in such case, the cause of action exists in favor of either the party who made the contract or of the beneficiary. Rogers v. Gosnell, 51 Mo. 466; Bliss Code Plead., 45 and 46; Snider v. Express Co., 77 Mo. 523; Ellis v. Harrison, 104 Mo. 277. (3) The settlement and agreement between the defendants and the city, stated in the petition, were perfectly valid and legal. The compromise or settlement of a controverted, or even doubtful claim, is a sufficient consideration

for a promise. Mullanphy v. Riley, 10 Mo. 489; Reilly v. Choquette, 18 Mo. 220; Livingston v. Dugan, 20 Mo. 102; Rinehart v. Bill, 82 Mo. 534; Lawson on Contracts, sec. 99. (4) The defendant's having all appeared before the board of aldermen and admitted their liability for the payment of these claims, and having agreed with the city to apply the money, paid to them, to their payment, are now estopped to plead either a want of consideration, or the invalidity of the contract upon any other ground. Bigelow, Estop., 578 and 584; Imboden v. Ins. Co., 31 Mo. App. 321; Green v. Railroad, 82 Mo. 653; St. Louis v. Gas Co., 70 Mo. 69; Thomas v. Williams, 99 Mo. 298; Sewer Pipe Co. v. Smith, 36 Mo. App. 608; Truesdail v. Ward, 24 Mich. 117; Heyn v. O'Hagen, 60 Mich. 150. The agreement being executed, and the defendants being in the full enjoyment of the fruits of the contract, they can not now be heard to say that it was invalid. Winscott v. Ins. Co., 63 Mo. App. 367; Bryant v. Fairchild, 51 Me. 146; Wiggins Ferry Co. v. Railroad, 73 Mo. 411; Hatch v. Hanson, 46 Mo. App. 323; 2 Herman, Estop., secs. 1022 and 1023. One who has received money for another can not deny his authority to receive, or the principal's claim. McKee v. Monterey Co., 51 Cal. 275; Hungerford v. Moore, 65 Ala. 232; Keyser v. Simmons, 16 Fla. 268; Iberia v. Serrett, 31 La. Ann. 719; Grattan v. Ins. Co., 80 N. Y. 281; Morris v. State, 47 Tex. 583; Cavins v. O'Bleness, 40 Wis. 469. A trustee can not set up the invalidity of the trust or appointment. Harbin v. Bell, 54 Ala. 389; Damouth v. Klock, 29 Mich. 289; McClure v. Comm., 80 Pa. St. 167. (5) The promise and agreement of the defendants to discharge the claims for work and labor, made when they induced the city to accept the well and pay the balance of the contract price to the sureties, renders them liable for the same, no matter whether they were liable before or not. Glover v. Cheatham, 19 Mo. App. 656; Stebbins v. Crawford Co., 92 Pa. St. 289; Fitzpatrick v. Flan-

nigan, 106 U. S. 648.        (6)    The cause of action is to be determined by the facts stated, and not by the prayer for relief.    Kneale v. Price, 21 Mo. App. 295; Comings v. Railroad, 48 Mo. 512; Railroad v. Freeman, 61 Mo. 80; Hewitt v. Harvey, 46 Mo. 368; Easley v. Prewitt, 37 Mo. 361; Grau v. Railroad, 54 Mo. 240; Snider v. Coleman, 72 Mo. 568; Crosby v. Bank, 107 Mo. 436.

SALLEE & GOODMAN and D. J. HEASTON for respondents.

(1)    The plaintiff is not entitled to recover on the bond sued on in this case, for the reason there is no breach of the bond shown, no damage to the city alleged, and no legal authority shown in the city for such proceeding, and the city has no authority under its charter to make contracts for the benefit of strangers or third parties, nor can the city be made a collection agency for their benefit.    Sewer Co. v. Thompson, 120 Mo. 218; Kansas City ex rel. v. Carroll, 99 Mo. 360; Howsman v. Waterworks, 119 Mo. 304; Ins. Co. v. Waterworks, 42 Mo. App. 118; Lewis v. Land Co., 124 Mo. 672; State v. Railroad, 125 Mo. 596; Evans v. Grader, 125 Mo. 72; Vrooman v. Turner, 69 N. Y. 280; Counselman v. Henry, 75 N. Y. 102; Dunning v. Leavitt, 85 N. Y. 30; Carter v. Holahaw, 92 N. Y. 498; Wheat v. Rico, 97 N. Y. 295; Beveridge v. Railroad, 112 N. Y. 1; Frank v. Railway, 122 N. Y. 122; Lorilord v. Clyde, 122 N. Y. 498; Duraker v. Raw, 135 N. Y. 219; French v. Vix, 143 N. Y. 90; Bank v. Grand Lodge, 8 Otto 123; Davis v. Waterworks, 54 Ia. 59; Becker v. Waterworks, 79 Ia. 419; Welter v. Goble, 66 Ia. 113; Breen v. Kelly, 47 N. W. 1067; Keller v. Ashford, 133 U. S. 610; Vanhorn v. Des Moines, 63 Ia. 448.    (2)    A city has no authority except such as is conferred upon it by its charter, or such as is absolutely necessary to carry out the objects of its incorporation.    A city only acts by ordinance, and ordinances, like private statutes, must be specially pleaded, otherwise courts do not take judicial notice of them.

R. S. 1889, secs. 1589 and 1652; Knapp v. Kansas City, 48 Mo. App. 485; Sedalia Gas. Co. v. Mercer, 48 Mo. App. 644; St. Louis v. Roche, 128 Mo. 541; State ex rel. v. Sherman, 42 Mo. 210; Butler v. Robinson, 75 Mo. 192; Keane v. Klausman, 21 Mo. App. 485; Lamar v. Hewitt, 60 Mo. App. 314; R. S. 1889, sec. 2077; Mexico v. Cauthorn, 25 Mo. App. 285; Givens v. Van Studdiford, 86 Mo. 149.

GANTT, P. J.—From a judgment sustaining a demurrer to plaintiff's petition, plaintiff appeals.

The cause is in this court on an order transferring it from the Kansas City Court of Appeals.

The petition is in these words:

"Plaintiff for amended petition for cause of action states that it is a municipal corporation duly and legally organized under the laws of the State of Missouri, as a city of the fourth class; that on the 18th day of June, 1894, the plaintiff and the defendant L. W. Howard by authority of and in pursuance to an ordinance duly passed and approved, made and entered into a written contract, a copy of which is herewith filed and made a part hereof, which was signed by said L. W. Howard and by this plaintiff, and by the terms of which, said Howard agreed to dig and wall according to certain plans and specifications mentioned in said contract, a certain well for the plaintiff for the purpose of supplying water for its waterworks then in process of construction for the agreed price of eight hundred dollars; that it was provided in said contract that said Howard should furnish to plaintiff, weekly statements of the work done on, and material furnished for said well, and by whom done and furnished, and the amounts thereof and should also furnish to plaintiff receipted bills for said work and material, from the persons doing said work and furnishing said material; and it was expressly agreed in said contract that in consideration that said Howard should perform said work according to said

plans and specifications and would also pay for all work and
labor done and material furnished by any person, in the dig-
ging and walling of said well, said plaintiff would pay to said
Howard said sum of eight hundred dollars and that the pay-
ment for all work and labor done or material furnished in the
performance of said contract by said Howard was by the
terms of said contract made a part of the consideration
thereof, and such payment for all labor and material fur-
nished in the construction of said well by said Howard was
made a condition precedent to the payment of said sum of
eight hundred dollars by plaintiff; that it was further pro-
vided by said contract, that this plaintiff should have the
right to apply any part of the amount which might be due
said Howard from it, under said contract, to the payment of
all claims for work done or material furnished and used in
constructing said well.   Plaintiff further states that at the
same time, to wit, on said 18th day of June, 1894, and as a
part of the same transaction, and for the purpose of securing
the faithful performance of all of the conditions of said
written contract on the part of said L. W. Howard, and for
the purpose of securing payment by him for all work and
labor done, and material furnished by any person or persons
in the performance by said Howard of said contract, and in
the construction by him of said well, the said Howard as prin-
cipal and the said defendants Ashman H. Vandivert and
Geo. L. Phillips as securities did then and there execute and
deliver to this plaintiff their certain bond or writing obli-
gatory (a copy of which is herewith filed and made a part
hereof), under their hands and seals, wherein and whereby
they acknowledged themselves to be held and firmly bound
unto this plaintiff in the penal sum of one thousand dollars;
the condition of which said bond or writing obligatory was
that whereas said Howard had on that day entered into a
written contract with this plaintiff by which he had agreed
to dig, wall and complete said well for the plaintiff for the

sum of eight hundred dollars, and the said Howard was to pay for all labor done on said well, and for all material used or furnished for same, the said well to be dug and walled up and finished according to certain written plans and specifications, which were made a part of his said contract; and if the said L. W. Howard should dig said well according to his said contract with the plaintiff, and according to the plans and specifications, and should pay for all labor done on said well, and also pay for all material furnished for, or used on the same, and should complete said contract in a good and workmanlike manner and by the 18th day of July, 1894, then said obligation should be void, otherwise to remain in full force and effect.

"Plaintiff further states that said L. W. Howard did not keep and perform the conditions in said contract and of said bond, upon his part in this; to wit:   That he failed and neglected to pay for work and labor performed and for material furnished and used in the digging, walling and constructing of said well by the following named persons in the following amounts, to wit:

| | |
|---|---|
| Miner & Frees | $24.03 |
| Cadle Lumber Co | 61.55 |
| Merritt L. Devers | 96.90 |
| R. T. Bedell | 59.58 |

"That all of said amounts so due said persons, copartnerships and corporations last hereinbefore named, were for work done on said well or for material furnished and used in the construction thereof.   That said L. W. Howard was at all times herein named wholly and totally insolvent and was so known to be to this plaintiff, to his codefendants, Ashman H. Vandivert and Geo. L. Phillips and to all of the parties herein named as doing work on, or furnishing materials for the completion of said contract for digging and walling said well and said work was done and said materials were furnished by the parties hereinbefore named, wholly relying upon the terms and conditions of said contract and of

said bond, and wholly relying upon the indemnity provided thereby.

"Plaintiff further states that on or about the 17th day of August, 1894, and after said Howard had claimed to have completed his said contract of digging and walling said well, and when he demanded of plaintiff the balance claimed by him and by his said securities to be due him from plaintiff, the parties hereinbefore named presented their respective claims hereinbefore set forth to this plaintiff and its officers, and claimed that plaintiff was liable to them respectively, for the amounts hereinbefore stated, and demanded that plaintiff should require said claims to be paid by said L. W. Howard and his said securities, before making any final settlement with said defendants. That thereupon the defendants, each in his own proper person, appeared before the plaintiff's board of aldermen, and claimed a balance due to said Howard for the digging and constructing of said well in the sum of three hundred and forty-nine dollars; that said claim for three hundred and forty-nine dollars so presented by the defendants included a part of the material furnished by the parties hereinbefore named; that said parties who had furnished materials being then and there still claiming and demanding that plaintiff should pay their said bills or protect the same, and the said defendants Ashman H. Vandivert and Geo. L. Phillips and each of them being then present, agreed and admitted that under the contract and bond hereinbefore mentioned they were liable for said claims for material and work; and this plaintiff then and there about to exercise the right conferred upon it by said contract, and to apply a part of the balance due said Howard thereon to the payment of said claims for work and material thereupon, it was then and there stipulated and agreed by and between this plaintiff and the defendants, that the defendants were to pay each and every of the claims hereinbefore named for work and labor and material furnished, and relieve this plaintiff and its

officers from all liability, or alleged liability, on account of said bills for work and labor and material, and that in consideration of the defendants performing their said agreement (as by said bond and contract they were also bound to do), the plaintiff would accept said well and pay to said defendants, Ashman H. Vandivert and Geo. L. Phillips, on their said bill the sum of one hundred and ninety-six dollars and seventy-five cents, and it was expressly stipulated and agreed by and between the plaintiff, through its officers thereunto duly authorized, and the defendants in their own proper person, that said well was to be accepted, and said sum of one hundred and ninety-six dollars and seventy-five cents to be paid by the plaintiff to the defendants, solely on condition that the defendants should pay for the work and material claims hereinbefore named; that thereupon the plaintiff relying upon said promise and agreement of said defendants and each of them, to fully pay off and discharge said claims for work and material hereinbefore named, and in the belief that said claims would be immediately paid and plaintiff and its officers relieved of any alleged liability thereon, and in order to settle and compromise the claims that were being made upon it by the parties hereinbefore named, and in order to fully settle with the defendants all of their liability upon said contract and bond, did receive said well and did pay to the defendants Ashman H. Vandivert and Geo. L. Phillips, at the instance of the defendant L. W. Howard, the said sum of one hundred and ninety-six dollars and seventy-five cents; but the said defendants disregarding their said contract and bond and their said agreement in relation thereto, after receiving said sum of one hundred and ninety-six dollars and seventy-five cents, did fail and refuse to pay said claims or any part thereof.

"Wherefore plaintiff alleges that by reason of the premises there has been a breach of the conditions of said bond, and it prays judgment against the defendants for the

sum of one thousand dollars and that execution issue thereon for the sum of two hundred and forty-two dollars and six cents, and for costs, and for all other proper relief to which it is entitled, the premises being considered."

The defendants demurred to the petition because it did not state a cause of action.

I.   This bond was considered by this court in Devers v. Howard, 144 Mo. 671.   It was then ruled, following City of St. Louis to use v. Von Phul, 133 Mo. 561, that the bond secured the materialman for the amount of his bill for materials furnished Howard in the construction of said well. To these decisions we still adhere.

Conceding that the four firms, Miner and Frees, Cadle Lumber Company, Merritt L. Devers, and R. T. Bedell, each had his or its several rights of action upon said bond for the amount due it, the question still remains as to the right of said city of Bethany to bring this action under the circumstances detailed in the petition.

It may be remarked in passing that it appears from the face of the petition that this is the same account upon which the case of Devers v. Howard, was prosecuted, so far as Devers is concerned.

A marked characteristic of this petition is that while it avers the bond sued on is available to the materialmen mentioned, this action is not brought by the city to their use as relators, but is an independent proceeding by the city as the trustee of an express trust.

While it is settled law in Missouri that the trustee of an express trust may sue in his own name, inasmuch as this trustee bore a dual relation to this bond, the circumstances of this case justified the circuit court in sustaining the demurrer.   The right of the materialmen under the contract and bond is independent of the city and they are not bound by the settlement with the city.   For this reason as the city

has settled its claim with the contractor, and paid over the balance due from it on the contract, it ought not to be permitted again to sue without disclosing its trust character, otherwise it may turn out that it might recover the amount due the material-men, and the defendants still be liable to suit at the instance or in the names of the several materialmen. So far as the city is concerned of course it has no right to bring the suit in its own right after the settlement it pleads.

As held in Devers v. Howard et al., *supra*, these ma-terialmen can sue in the name of the city to their use, and control said actions or in their own names, but the city upon its own showing is estopped from suing under the circum-stances of this case without averring that the action is brought to the use of the materialmen. The demurrer was properly sustained and the judgment will be affirmed without prejudice to the right of the several materialmen to proceed in their own names or in the name of the city to their re-spective uses as relators in which they will control their own suits and the judgment on demurrer in this case will con-stitute no bar.

Judgment affirmed. SHERWOOD and BURGESS, JJ., concur.