20        APPELLATE COURTS OF ILLINOIS.

Board of Education v. Chicago B. and S. Co., 218 Ill. App. 20.

Board of Education of the City of Chicago for use of
Isidor Weil and Benjamin Weil, trading as Weil
Brothers, Appellee, v. Chicago Bonding and Surety
Company, Appellant.

## Gen. No. 25,116.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when facts in statement
of claim are admitted.* Under the rules of the municipal court of
Chicago, facts alleged in plaintiff's verified statement of claim which
are not denied in defendant's affidavit of merits, stand admitted.

2. TRIAL, § 163*—*when question of law arises.* Where in an
action to recover on a bond given to secure the performance of a
contract brought by the obligee for the use of a firm which sold
and supplied to the contractor materials used for the performance
of the contract, there is no contest as to the facts but the defense
rests upon the contention that under the bond there was no lia-
bility to the firm and that such firm, not being a party to the bond,
has no right to maintain the action, the question involved is not
one of fact but one of law.

3. MUNICIPAL CORPORATIONS, § 400*—*when bond of contractor is
for benefit of subcontractor.* A bond given to a municipal corpo-
ration to secure the performance of a contract with it which pro-
vides that the obligor liable upon a breach of the covenant in the
contract that the contractor shall be responsible for all liabilities
incurred in the work for labor and materials and shall promptly
pay all persons supplying it labor and materials for the work, is
not for the protection of the municipal corporation only, but is for
the protection and benefit of subcontractors, even though the stat-
ute does not require the municipality to take such a bond, and
the subcontractors may sue on the bond without the consent of
such municipal corporation.

4. MUNICIPAL CORPORATIONS, § 400*—*when municipality may re-
quire bond from contractor.* Though a municipal corporation is not
required by statute to take a bond for the performance of a contract
which secures the rights of persons furnishing labor and material
under the contract, it may, in its discretion, require such a pro-
vision, and its act in so doing is not ultra vires.

5. MUNICIPAL CORPORATIONS, § 400*—*who may enforce obligations
of contractor's bond.* Where the condition in a bond given to secure
the performance of a contract with a municipal corporation is that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly; same
topic and section number.

the principal obligor shall make prompt payment to all persons furnishing labor or materials for the prosecution of the work provided for in the contract, a subcontractor's right of action upon such bond is not affected by the fact that the municipal corporation is not liable to him, as the condition of the bond is in effect and by interpretation an undertaking to pay the parties furnishing labor and materials, and by operation of law is for their benefit and they may sue to enforce it.

6. MUNICIPAL CORPORATIONS, § 400*—*when bond of contractor is supported by sufficient consideration.* A bond to secure the performance of a contract with a municipal corporation which contains two promises—one to the corporation that the contractor shall perform the work as agreed, the other to laborers and materialmen to pay them for labor and material furnished the contractor under the contract—*held* to be supported by sufficient consideration as to both conditions.

7. MUNICIPAL CORPORATIONS, § 192*—*what is effect of appropriation for school building.* By appropriating money for the erection of a school building, the City Council of Chicago sufficiently concurs in the action of the Board of Education of Chicago in erecting such building.

8. MUNICIPAL CORPORATIONS, § 400*—*what defenses are available in action on bond.* In an action by a subcontractor to recover on a bond given to secure the performance of a contract with the Board of Education of the City of Chicago for the erection of a school building, defendant cannot set up the defense in contradiction of the recitations of its contract of suretyship in suit, that the action of the Board of Education in erecting such building was not concurred in by the City Council of Chicago.

9. MUNICIPAL COURT OF CHICAGO, § 24*—*what matters may be reviewed on appeal.* One cannot set up, on an appeal from a judgment of the municipal court of Chicago, a defense not raised in his affidavit of defense.

Appeal from the Muncipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed April 12, 1920.

SABATH, STAFFORD & SABATH, for appellant; CHARLES B. STAFFORD and THOMAS M. ZASADIL, JR., of counsel.

CULVER, ANDREWS, KING & STITT, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

22    APPELLATE COURTS OF ILLINOIS.

Board of Education v. Chicago B. and S. Co., 218 Ill. App. 20.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The Board of Education of the City of Chicago let a contract to the Hanley-Casey Mechanical Equipment Company, which provided that this company should furnish the material and do the plumbing and gas fitting work required in the erection of the Komensky school building. Among other conditions of the contract the company agreed to be responsible for all liabilities incurred for labor furnished or material used in the prosecution of the work and to promptly pay all persons supplying it with labor or materials in such prosecution. To secure the performance of this contract the bond in suit was given, which provided *inter alia* as follows:

"Now, if the said Hanley-Casey Mechanical Equipment Company, its successors or assigns, shall in all things stand to, abide by, and well and truly keep and perform the covenants, conditions and agreements mentioned and contained in said contract, including the guaranties set forth in said specifications, to be kept and performed by it on its part at the time or times, and in the manner and form specified in said contract, and including the covenant that the said corporation shall be responsible for all liabilities incurred in the prosecution of said work for labor and materials and shall promptly make payment to all persons supplying it labor and materials in the prosecution of the work provided for in said contract, then the above obligation to be void, otherwise to remain in full force and effect."

Weil Brothers sold and supplied to the Hanley-Casey Mechanical Equipment Company materials contemplated by the school board contract and which went into the Komensky school building.

On a trial before the court there was a finding and judgment in debt of $8,690 with damages assessed at $891.06, debt to be discharged on payment of damages.

The cause was tried upon a stipulation of facts and other proofs, the stipulation of facts reading as follows:

"It is hereby agreed and stipulated by and between the parties hereto, that the following are facts in the above entitled cause, and that formal proof thereof is waived.

"(1)   That on the 27th day of December, 1915, the Hanley-Casey Mechanical Equipment Company, a corporation, of Chicago, Illinois, entered into a contract with the Board of Education of the City of Chicago, a municipal corporation, for doing the plumbing work upon the Komensky school building.

"(2)   That there was attached to or accompanying said contract certain specifications relating to the work referred to and to be done under said contract.

"(3)   Upon the same day and as a part of the same transaction, the said Hanley-Casey Mechanical Equipment Company, as principal, and the defendant, Chicago Bonding and Surety Company, as surety, entered into a certain written instrument, referred to in plaintiff's statement of claim, with the said Board of Education of the City of Chicago, and delivered said instrument to said Board of Education of the City of Chicago. Said Chicago Bonding and Surety Company is an Illinois corporation, qualified and authorized to execute bonds and to act as surety upon bonds of the general nature of the instrument hereinbefore mentioned, in the City of Chicago, Cook county, Illinois.

"(4)   It is further stipulated that formal proof of said contract, instrument and specifications shall not be required, but that the originals thereof, now in the possession of said Board of Education of the City of Chicago, may be introduced in evidence, and withdrawn and returned to the Board of Education of the City of Chicago upon substituting therefor true and correct copies thereof.

"(5)   It is further stipulated and agreed that this suit was brought by Isidor Weil and Benjamin Weil,

partners, trading as Weil Brothers, in the name of the Board of Education of the City of Chicago, for the use of said Isidor Weil and Benjamin Weil, partners, trading as Weil Brothers, and it is further stipulated to be a fact, if the court considers the same material or relevant, that said Isidor Weil and Benjamin Weil, partners as aforesaid, did not prior to the institution of this suit make any request to the Board of Education of the City of Chicago for permission to use the name of said Board of Education of the City of Chicago as nominal plaintiff in this suit; that no express permission was ever given by the Board of Education of the City of Chicago for the use of its name as the nominal plaintiff in this cause, neither did said Board of Education of the City of Chicago refuse to permit its name to be used as the nominal plaintiff in this cause, but that no affirmative action at any time was ever taken by said Board of Education of the City of Chicago with reference to the bringing of said suit, either by way of consent thereto, or by way of refusal thereof.

"It is further stipulated by and between the parties, that no suit has ever been begun by Isidor Weil and Benjamin Weil, partners, trading as Weil Brothers, against the Board of Education of the City of Chicago, upon or in connection with the subject-matters involved in the claim of said Weil Brothers, involved in this case.

"It is further stipulated and agreed that the Board of Education of the City of Chicago, plaintiff, has made no assignment of any kind to Isidor Weil and Benjamin Weil, partners, trading as Weil Brothers, of any right, title or interest of said Board of Education as obligee designated in the instrument executed by the Chicago Bonding and Surety Company herein sued upon.

"(6) It is further stipulated that either of the parties hereto may introduce other and further evidence upon the hearing of this cause, which is not in conflict with the facts stipulated herein.

"(7) It is further stipulated that either of the parties hereto may object to the materiality and rel-

evancy of the matters of fact set forth herein, it being the intention of the parties hereto merely to dispense with the requirement of strict proof as to the matters herein contained, and to save all rights of objection to each of said parties with reference to the relevancy or materiality of the matters of fact hereinabove set forth.''

In the verified statement of claim it is alleged that the Hanley-Casey Mechanical Equipment Company entered into the construction work on the Komensky school building provided in said contract to be done by it, and that Weil Brothers sold and supplied to that company materials in the prosecution of said work. The materials furnished are itemized and with prices attached made part of the statement.

None of these facts is denied in defendant's affidavit of merits; therefore under the rules of the municipal court found in the record, being undenied, stand admitted. Nor is the execution of the bond in suit denied.

The defense really rests in the contention that under said bond there was no liability on the part of defendant to Weil Brothers, and that they have no right to maintain this action, as they are not parties to the bond. We think that in this condition of the pleadings of the parties the real question is one not of fact but of law. We will therefore proceed upon the theory that the facts constituting the cause of action are not denied, but that the whole question of defendant's liability is controlled by the decision of the one question as to whether the bond in suit was made for the benefit of subcontractors and materialmen, so that Weil Brothers may enforce the condition of the bond in its favor for the amount due it for material, etc., furnished upon the structure which the principal in the bond contracted to erect for the Board of Education, the obligee therein.

We think this whole controversy so far from being debatable is settled in this court in *Board of Educa-*

*tion v. Aetna Indemnity Co.,* 159 Ill. App. 319. The bond in that case was in the same form and of the same purport and effect and given for a like purpose as was the bond in suit. It was in case *supra* contended, as it is here, that the bond was intended solely for protection of the Board of Education and not for the protection and benefit of materialmen and laborers. These questions were raised by the presentation of suitable propositions of law, which were refused by the trial court and such refusal was sustained on appeal. This court said in case *supra:*

"To hold the bonds in question valid and binding is only to compel the obligors to do the thing they bound themselves to do. The distinction between these cases and *Spalding Lumber Co. v. Brown,* 171 Ill. 487, and *Searles v. City of Flora,* 225 Ill. 167, is that in those cases the bonds contained no condition that the obligors should pay for labor or materials furnished to the contractors, and in these cases the bonds contain such conditions."

The fact that the statute does not require the Board of Education to take a bond on letting a contract in the nature of the one in the case at bar does not relieve defendant from its contract obligation in this regard. The bond was made for the protection of subcontractors, and Weil Brothers, as subcontractors under the principal obligor, have the right, without the consent of the Board of Education, to maintain this action to recover the amount due it from the Hanley-Casey Company; the bond is available to subcontractors for that purpose, as it was entered into for their benefit and protection.

While the statute did not require the Board of Education to take such a bond, still it had the right to require such a bond in the exercise of its discretion for the protection of laborers and materialmen, and such act cannot be held to be ultra vires its power, even if the right of challenge upon this ground existed. Nor is it important to the right of action

that the Board of Education was not liable to the subcontractor suing. The condition of the bond is that the principal obligor shall make prompt payment to all persons furnishing labor or materials in the prosecution of the work provided for in the contract. This is in effect and by interpretation an undertaking to pay the parties who furnished labor and material, and by operation of law such provision is for the benefit of such parties and they may maintain an action to enforce it.

The bond is dual in its nature; it contains two promises—one to the Board of Education that the contractor shall perform the work as agreed; the other to the laborers and materialmen to pay them for labor and material they might perform or furnish to the contractor. The consideration is sufficient to support both conditions.

Defendant contends that the contract of the Board of Education with the Hanley-Casey Company for the construction of the school building is a nullity because made without the concurrence of the Chicago City Council. There are two answers to this contention: The City Council appropriated the money with which to erect the building—which of itself was a sufficient concurrence in the action of the Board; and, second, defendant cannot make such an attack collaterally for the reason that if it were allowed so to do it would be contradictory of the recitations and provisions of its contract of suretyship in suit; furthermore, such defense is not raised by defendant in its affidavit of defense.

There is no reversible error in this record, and the judgment of the municipal court is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MCSURELY and MR. JUSTICE DEVER concur.