John W. Cherry, Receiver of the Danville Hotel Company for the Use of O. K. Yeager, Trading as Yeager & Sons, and Carson-Payson Company, Appellee, v. Charles Benson, Inc. and The Aetna Casualty & Surety Co., Defendants. The Aetna Casualty & Surety Company, Appellant.

**Gen. No. 8,510.**

200

Opinion filed November 4, 1931. Rehearing denied January 7, 1932.

DENT, DOBYNS & FREEMAN and STEELY & STEELY, for appellant; W. BRAXTON DEW and SEWARD H. BOWERS, of counsel.

SWALLOW & BOOKWALTER and GUNN, PENWELL & LINDLEY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On November 11, 1925, The Danville Hotel Company, as owner, and Charles Benson, Inc., as contractor, entered into a written contract for the con-

struction of a hotel building for the sum of $604,899 in cash and $217,800 in common stock of the owner at the par value of $100 per share. For the faithful performance of this contract Charles Benson, Inc., as principal, and the Aetna Casualty & Surety Company (appellant) as surety, executed a bond in the penal sum of $822,699. This bond contained the following provision:

"Now, Therefore, the condition of this obligation is such that if the Principal shall faithfully perform the contract on his part and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the Owner from all cost and damage which he may suffer by reason of failure so to do, and shall further reimburse and repay the Owner all outlay and expense which the Owner may incur in making good any such default, and shall pay all persons who have contracts directly with the Principal for labor or materials, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

Charles Benson, Inc. sublet the masonry and concrete work to Yeager & Sons and the plumbing and ventilating to Carson-Payson Company. During the construction of the building a receiver was appointed for the Danville Hotel Company and this action in debt was instituted by the receiver for the use of the subcontractors, Yeager & Sons and the Carson-Payson Co. against Benson as principal and the Aetna Casualty & Surety Co. as surety on the bond. A second amended declaration was filed to which the surety company filed three pleas, the first of which is one of *nil debet;* the second alleges that the bond sued upon was made to the Danville Hotel Co. and was not made for the use or benefit of said subcontractors; the third plea alleges in substance that the Danville Hotel Co. did not keep and perform the agreements in said

contract upon its part to be kept and performed and did not during the progress of the work make the payments to Charles Benson, Inc., as provided by the terms of the contract whereby it was impossible for Charles Benson, Inc. to keep and perform its part of said contract and said surety became and was released as such upon said bond. A demurrer was filed to all of the pleas and sustained and appellant elected to stand by their pleas. By agreement a jury was waived and the cause submitted to the court for a hearing on the question of damages, at the conclusion of which the court entered a judgment in the sum of $822,693 debt and damages for Yeager & Sons in the sum of $33,122.16 and for Carson-Payson Co. $15,554.61. The only questions involved are the merits of the respective pleas.

In the case of *Mix v. People,* 92 Ill. 549, the court held: "We are at a loss to see why defendants should file a plea of *nil debet* to an action of debt on a bond when there are no common counts in the declaration. All know such a plea in this case is inapplicable and bad on demurrer. If issue had been joined on it we are unable to conceive its use to defendants on the trial. It was bad, and the court, of course, sustained a demurrer to it." The above has always been held to be the law in this State. *Kilgour v. Drainage Dist.,* 111 Ill. 342, 348; *McDonald v. People,* 222 Ill. 325.

The second plea alleges that the bond was made to the Danville Hotel Co. and for its use and benefit and was not executed for the use and benefit of the subcontractors. This plea is but a conclusion of law and in fact simply attacks the sufficiency of the declaration. It presents no issue of fact upon which issue could be joined.

The third plea is one of confession and avoidance in that the Danville Hotel Co., obligee in the bond sued on, did not keep and perform its agreements,

covenants and conditions in said contract by making the payments to Charles Benson, Inc. in accordance with the terms of the contract whereby Charles Benson, Inc. was in turn unable to pay said subcontractors and that appellant was released thereby as surety upon said bond. The sufficiency of this plea depends upon the construction to be given to the language of the provisions of the bond itself. That such construction or performance bonds may be so worded as to have a dual purpose, one to protect the owner of the building and one to protect the subcontractors who furnish labor and material for the erection thereof, has been held in the case of *Alexander Lumber Co. v. Aetna Accident and Liability Co.*, 296 Ill. 500.

Counsel for appellant contend (a) that the condition of the bond in question is not a covenant or a promise, but a mere defeasance clause and that the only promissory part of the bond is the agreement to pay the penal amount to the obligee therein named; (b) that even if the condition of the bond be construed as a promise, no recovery can be had thereon unless there was not only an intent to secure some benefit to the subcontractors but also that the promise was made directly and primarily for their benefit. To sustain these contentions counsel rely greatly on the case of *Searles v. City of Flora,* 225 Ill. 167. In that case the provision in the bond was as follows: "Now, therefore, if the above bounden principal shall well and truly keep, do and perform each and every, all and singular, the matters and things in said contract set forth and specified to be by said principal kept, done and performed, at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be null and void, otherwise to be and

remain in full force and virtue." The court held: "We think the evidence in this case clearly shows that the bond and contract were not entered into with the intention of securing third parties as to labor and material furnished in the completion of said contract, but they were entered into for the purpose of securing the city of Flora, and it alone, in this respect. Nothing whatever is said in the contract or bond about paying third parties for material." In the case of *Board of Education v. Aetna Indemnity Co.,* 159 Ill. App. 319, the provision in the bond was that if the contractor "shall promptly make payment to all persons supplying him with labor or materials in the prosecution of the work provided for in said contract," then the obligation to be void, otherwise to remain in full force and effect. The court in construing such a bond held the same was given with the intention of protecting the subcontractors and in commenting on the *Searles* case said: "To hold the bonds in question valid and binding is only to compel the obligors to do the thing they bound themselves to do. The distinction between these cases and *Spalding Lumber Co. v. Brown,* 171 Ill. 487, and *Searles v. City of Flora,* 225 Ill. 167, is, that in those cases the bonds contained no condition that the obligors should pay for labor or materials furnished to the contractors, and in these cases the bonds contain such conditions." In the case of *Board of Education v. Chicago Bonding and Surety Co.,* 218 Ill. App. 20, the bond in question after providing that the contractor shall well and truly keep and perform covenants in said contract contains the following condition, "and shall promptly make payment to all persons supplying it labor and materials in the prosecution of the work provided for in said contract, then the above obligation to be void, otherwise to remain in full force and effect." In discussing this question the court held:

"We think this whole controversy so far from being debatable is settled in this court in *Board of Education v. Aetna Indemnity Co.,* 159 Ill. App. 319. The bond in that case was in the same form and of the same purport and effect and given for a like purpose as was the bond in suit. It was in case *supra* contended, as it is here, that the bond was intended solely for protection of the Board of Education and not for the protection and benefit of materialmen and laborers. These questions were raised by the presentation of suitable propositions of law, which were refused by the trial court and such refusal was sustained on appeal."

A similar bond to the one here between the same parties containing identical provisions was before the court in *Danville Hotel Co. v. Benson,* 262 Ill. App. 288. The same defenses that are raised in the case at bar were raised in that case and the court held against the contentions of appellant.

A great many cases have been cited from other jurisdictions in support of the doctrine that if the bond provides directly that the principal shall pay all claims of the materialmen, it will be considered as having been executed for the benefit not only of the owner but for all subcontractors of the principal and that such a clause will be deemed a promise notwithstanding that it may be designated as a condition in the bond. *Byram Lumber & Supply Co. v. Page,* 109 Conn. 256; *Fidelity & Deposit Co. v. Rainer,* 220 Ala. 262; *Hartford Accident & Indemnity Co. v. Knox Net & Twine Co.,* 150 Md. 40; *American Surety Co. v. DeWald,* 30 Ga. App. 606; *Pittsburgh Plate Glass Co. v. Fidelity & Deposit Co. of Maryland,* 193 N. C. 769; *Mansfield Lumber Co. v. National Surety Co.,* 176 Ark. 1035; *Concrete Steel Co. v. Illinois Surety Co.,* 163 Wis. 41; *Yawkey-Crowley Lumber Co. v. Sinaiko,* 189 Wis. 298; *Walker Realty Co. v. American Surety Co.,*

60 Utah 435; *Royal Indemnity Co. v. Northern Ohio Granite & Stone Co.*, 100 Ohio 373; *Orinoco Supply Co. v. Shaw Bros. Lumber Co.*, 160 N. C. 428; *Guilford Lumber Mfg. Co. v. Johnson,* 177 N. C. 44; *Southwestern Portland Cement Co. v. Williams,* 32 N. Mex. 68; *Forburger Stone Co. v. Lyon Bonding & Surety Co.*, 103 Neb. 202; *La Crosse Lumber Co. v. Schwartz,* 163 Mo. App. 659; *Algonite Stone Mfg. Co. v. Fidelity & Deposit Co.*, 100 Kan. 28; *Getchell & Martin Lumber & Mfg. Co. v. Peterson & Sampson,* 124 Iowa 599; *Ochs v. Carnahan Co.*, 42 Ind. App. 157; *Knight & Gillson v. Castle,* 172 Ind. 97; *Union Sheet Metal Works v. Dodge,* 129 Cal. 390; *Hines v. Consolidated Coal & Lime Co.*, 29 Ind. App. 563; *Baker v. Bryan,* 64 Iowa 561; *Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co.*, 98 Neb. 27; *Connor Co. v. Aetna Indemnity Co.*, 136 Wis. 13; *National Surety Co. v. Hall-Miller Decorating Co.*, 104 Miss. 626; *Toner & Co. v. Long,* 79 N. H. 458; *Dolese Bros. Co. v. Chaney & Rickard,* 44 Okla. 745; *Columbia County v. Consolidated Contract Co.*, 83 Ore. 251; *Aetna Casualty & Surety Co. v. Earle-Lansdell Co.*, 142 Va. 435; *Steffes v. Lempke,* 40 Minn. 27; *United States Fidelity & Guaranty Co. v. American Blower Co.*, 41 Ind. App. 620; *Empire State Surety Co. v. Des Moines,* 152 Iowa 531; *National Surety Co. v. Wyandotte Coal & Lime Co.*, 76 Kan. 914.

To comment upon all these cases would extend this opinion to an unnecessary length but we do desire to refer to the cases of *Aetna Casualty and Surety Co. v. United States Gypsum Co.* and *Aetna Casualty and Surety Co. v. Wheeler and Putnam Co.* consolidated and decided by the Court of Appeals of Kentucky March 27, 1931 (not yet published) where the same doctrine is upheld in a very masterly and logical opinion. In one of the cases there under consideration the condition in the bond was as follows: ''If the principal

shall faithfully perform the contract on his part . . . and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void. Otherwise, it shall remain in full force and effect.'' The court held that such a bond is given for the benefit of those furnishing material or labor in the construction of the building and might be sued on by such subcontractors to recover the amounts due. Holding as we do that the condition as expressed in the bond in the case at bar is a direct promise of the principal in the bond to pay for all material contracted for by subcontractors and used in the building, appellant as surety is liable therefor and his liability cannot be avoided by the fact of the breach of the hotel company in failing to make the payments to the contractor, Charles Benson, Inc., at the times provided for in the contract. It follows, therefore, that the pleas were bad and the circuit court did not err in sustaining a demurrer thereto.

The judgment of the circuit court is affirmed.

*Affirmed.*