**MARKS AND MASTERS CONSTRUCTION, INC.,**
Appellant,

v.

**WESTERN CASUALTY & SURETY CO., Respondent.**

**No. WD 35184.**

Missouri Court of Appeals,
Western District.

Oct. 23, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 26, 1984.

Application to Transfer Denied Feb. 26, 1985.

Dennis E. Dibler, Kansas City, for appellant.

Robert A. Babcock and David A. Vorbeck of Margolin & Kirwan, Kansas City, for respondent.

Before TURNAGE, C.J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This action, at its origin, sought damages for breach of contract and for breach of a surety bond. The trial court entered summary judgment on the bond claim. This appeal involves the summary judgment. The appeal is dismissed.

Three points are presented, which in summary charge (1) that the appeal from the trial court's ruling on summary judgment was timely, (2) that the trial court erred in entering summary judgment because there existed a genuine material fact issue, and (3) that the trial court erred in entering summary judgment because appellant was within the class of intended beneficiaries under the surety bond.

The record discloses the following pertinent facts. Appellant, Marks and Masters Construction, Inc. (hereinafter Marks) was in the land development business and relative to that business, purchased a tract of land in Kansas City, Missouri. The purpose of the purchase was to develop a subdivision of residential properties. On June 29, 1977, J.M. Morris Construction Co. (hereinafter Morris) submitted a proposal to Marks to provide asphalt paving and concrete curbing within the subdivision. On July 6, 1977, Marks accepted the Morris proposal and a contract was entered. Subsequently, respondent Western Casualty

and Surety Company (hereinafter Western), along with Morris, executed a bond to the favor of the city of Kansas City, Missouri. The bond, in its entirety, is set forth below:

City of Kansas City, Missouri                    Public Works Department

## PERFORMANCE AND MAINTENANCE BOND

KNOW ALL MEN BY THESE PRESENTS, That we, J.M. Morris Construction Co., 13716 Oak, K.C., Mo. 64114 as principal and The Western Casualty and Surety Company, as sureties, are held and firmly bound unto Kansas City, a municipal corporation of the State of Missouri, in the sum of Forty Thousand Three Hundred Forty Five Dollars and no/100 ($40,345.00) Dollars, for the payment of which sum, well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators, successors and assigns, firmly by these presents.

The conditions of this bond are such that (none listed).

WHEREAS, the said J.M. Morris Construction Co. has been given permission by Permit No. ST 4779, to construct Curbs & Paving in Longview Manor—118th St. Terrace from Winchester Avenue easterly 303 feet—Britol Avenue from 117th Street to Cul-de-Sac.

NOW THEREFORE, if the said J.M. Morris Construction Co. shall construct or cause to be constructed and completed the entire improvement provided for in said Permit, and shall construct same in accordance with specifications used by the City for like improvements, and to the lines and grades given by the City Engineer, all to be done subject to the approval and acceptance of the Director of Public Works of said Kansas City; and shall construct said improvement with such materials and in such manner that the same shall endure without need of any repairs for a period of 3 years from and after the completion of said improvement and acceptance thereof; and if said improvement shall endure without the need of repairs for the period of 3 years from and after the completion and acceptance thereof as aforesaid, then this obligation shall be void; otherwise to be in full force and effect.

Signed, sealed and dated this 9th day of August, 1977.

(SEAL)
ATTEST:

J.M. MORRIS CONSTRUCTION CO.
By _____

The Western Casualty and Surety Company

_____

Surety, E.J. Gardner, Attorney-in-Fact

Approved as to amount of bond this 24th day of October, 1977.

_____

Director of Public Works

Approved as to form and legality this ___ day of _____, 19__.

_____

City Counselor

Approved as to surety this ___ day of _____, 19__.

---

The above bond was accepted by the city on October 24, 1977. Various preparatory stages of the paving and curbing work were completed, but Morris ultimately did not perform under the contract. Morris went out of business. Marks hired others to complete the paving and curbwork.

Marks instituted these proceedings against Morris, seeking damages for breach of contract and against Western on

the surety bond. Western filed a motion for summary judgment, asserting, as a matter of law, that it was entitled to such judgment because Marks was not a named beneficiary under the bond. Marks did not respond to Western's motion, and the trial court entered summary judgment for Western on January 23, 1980. The summary judgment was not designated as final for appeal. Marks did nothing more until April 30, 1982 when a motion to set aside the summary judgment was filed. Marks' motion to set aside the summary judgment was overruled on July 30, 1982. A jury trial upon Marks' claim against Morris followed, and the jury returned its verdict in Marks' favor and against Morris on July 13, 1983. On July 26, 1983, Marks filed another motion to set aside the summary judgment previously granted Western. An alternative motion for new trial was also filed. These motions were overruled on August 16, 1983. Marks filed this appeal. On September 30, 1983, Western filed a motion to dismiss the appeal. That motion was, by this court, ordered taken with the case. On April 12, 1984, Marks dismissed its appeal as to Morris. Briefs and argument before this court proceeded between Marks and Surety upon the summary judgment.

While Marks formally presents three points, said points are nothing more than variations upon a common theme. These points are taken up and disposed of conjunctively, and for the purposes of this appeal, the three points are restated as follows.

Marks asserts that the trial court erred in entering summary judgment for Western because there existed genuine issues of fact, to wit, that Marks is an unnamed beneficiary within the bond and that Marks' claim against Morris first had to be litigated because of the interdependence between Marks, Morris, and Western, and therefore the Marks appeal regarding the summary judgment was timely.

The main issue involved on this appeal is whether the Marks appeal from the sum-mary judgment was timely. To resolve this issue, it must be determined if Marks is an unnamed beneficiary within the above bond. If Marks were found to be such unnamed beneficiary, then the Marks appeal would be timely because Marks, in order to hold Western liable, would have to establish the liability of Morris who was the declared principal on the bond. Thus, at the time the summary judgment was entered, there would have existed genuine material fact issues. On the other hand, if Marks is found not to be an unnamed beneficiary under the bond, then the Marks claim against Morris does not bear upon the issue, there existed no genuine material fact issues between Marks and Western, and the appeal from the summary judgment was untimely.

The above bond is required under Section 31.12(E)(2), Code of General Ordinances, Kansas City, Missouri and § 89.410, RSMo 1978. The general rule relative to such bonds naming a city or county may be enforced only by the legislative body of the governmental unit.[1] Marks asserts the general rule also provides that if such a bond is a "statutory bond" it will indemnify the municipality and third parties not actually named in the bond. Appellant cites *Weinhaus v. Massachusetts Bonding & Ins. Co.*, 210 S.W.2d 710 (Mo.App.1948) and *LaCrosse Lumber Co. v. Schwartz*, 163 Mo.App. 659, 147 S.W. 501 (1912). Neither of these authorities finds application to the instant case. *Weinhaus*, while involving a statutory bond, nonetheless points out that within the wording of the bond third persons were specifically covered. This is not the case with the bond in the instant case. In *LaCrosse*, the court did not have for consideration a "statutory bond". Thus, neither case applies and neither is persuasive or controlling herein.

While there is limited authority in our state on this issue, it appears that the leading case is *City of University City v. Frank Miceli & Sons R. & B. Co.*, 347

---

**1.** See Frelich, *Regulations for Control of Land Subdivision*, 36 Mo.L.Rev. 1, 17 (1971).

S.W.2d 131, 134 (Mo.1961). The court in *Miceli* declared:

"[I]n a proper case, third persons, for whose benefit or protection a contract has been made by a municipal corporation with a private contractor, may maintain an action on the contract (citations omitted) and this includes, of course, a bond 'to secure the performance of a municipal improvement contract'" *Miceli* at 134.

"It is not necessary that the property owners be named as obligees, the problem is whether the contract and bond were for their benefit and protection." *Id.*

*Miceli* involved a claim which was denied, by adjacent landowners, and in denying their claim, the court held that the bond was for the property owners within the subdivision only. In the instant case, Marks asserts it is the owner of the tract and hence a landowner within the rule of *Miceli.* The status of Marks as a landowner need not be determined herein for assuming Marks was the landowner Marks still cannot avail itself of the rule in *Miceli.* The distinguishing feature between *Miceli* and the instant case is the wording within the two bonds. The bond in *Miceli* was in fact a performance bond. That bond, to the favor of University City, included the following language:

"shall indemnify said City and secure to said City the actual construction of such improvements and utilities in a manner satisfactory to said City, in the event said Principal shall fail to install said improvements and utilities within two (2) years." *Miceli* at 134.

The court in *Miceli* reasoned that it was obvious from the plain language of the bond that the purpose of the bond was to insure the *actual* construction of the proposed improvements within a specified period of two years. That same bond authorized the City to resort to the bond upon failure of performance. Thus, it can be concluded that *Miceli* declares that the liability of a surety to a third person must be measured by a reasonable interpretation of

this obligation as expressed by and within the terms of the bond. See also *Tri-State Insurance Co. v. United States,* 340 F.2d 542, 545 (8th Cir.1965) and *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d 260, 273 (Mo.1979).

■ The wording from the bond in *Miceli* should be contrasted with the wording within the bond in the instant case. Without restating the wording of the bond herein, but upon the wording of same, it is obvious that the bond herein does not guarantee payment for the completion of the paving and curbing work to be performed by Morris, but in fact the bond herein becomes effective only and upon the satisfaction of certain contingencies, to wit: (1) that Morris construct and complete the entire improvements (paving and curbing), (2) the improvements be in accordance with specifications prescribed by the City, and that the improvement be accepted by the City, and (3) that said improvements endure without need of repair for three years after completion and acceptance. It is evident that the bond herein is not the same type bond as considered in *Miceli,* which guaranteed performance, but rather, the bond herein designates protection for the City of Kansas City, Missouri only after completion of the improvements and acceptance thereof by the City.

■ The following conclusion must be and are hereby reached herein. The bond herein did not guarantee performance by Morris. The party designated as beneficiary under the bond was the City of Kansas City, Missouri, and the City was the exclusive beneficiary. The wording and thus the purpose of the bond was to protect the City against cost of repairs after a three-year period following completion and acceptance of the streets. As a result of the wording and thus the purpose of the bond, Marks could not be an unnamed beneficiary within the bond. This was the sole issue between Marks and Western and the resolve of that issue was not interdependent upon the claim of Marks against Morris. At the time the trial court entered summary judgment for Surety, all issues

between Marks and Western had been ruled. The appeal by Marks from that summary judgment, having been filed more than two years after the entry of that judgment, was untimely.

Appeal dismissed.

TURNAGE, C.J., concurs.

KENNEDY, J., dissents in separate dissenting opinion.

KENNEDY, Judge, dissenting.

I respectfully dissent.

I believe that *City of University City v. Frank Miceli & Sons R. & B. Co.*, 347 S.W.2d 131, 134 (Mo.1961) indicates a different result. Plaintiff was, in my opinion, a beneficiary of the bond.

I would reverse and remand for trial.